**Christopher R. Best, OSB No. 082649**
cbest@gattilaw.com
**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
The Gatti Law Firm
235 Front St. SE, Ste. 200
Salem, Oregon, 97301
Telephone: 503-363-3443
Fax: 503-697-0841
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DONAVAN LABELLA,<br><br>        Plaintiff,<br>vs.<br><br><br><br>THE UNITED STATES OF AMERICA, and JOHN DOES 1-10,<br><br>        Defendants. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>*Bivens* Claim for Violation of Plaintiff's Fourth Amendment; and Federal Tort Claims Act claim for Negligence, Battery, and IIED<br><br>**DEMAND FOR JURY TRIAL and REQUEST FOR ADVISORY JURY** |

Plaintiff alleges as follows:

## INTRODUCTION

1.

This Complaint describes how, on July 11, 2020 in Portland, Oregon, a United States federal officer, without justification or provocation, mercilessly shot Donavan LaBella in the face

with a "less-lethal" impact munition, while Donavan stood across the street from the federal officer, armed only with a music speaker held with both hands above his head. The "less-lethal" munition the federal officer shot at Donavan LaBella crushed the front of Mr. LaBella's skull and impacted his brain. Since that indefensible shot, and as described further below, Donavan LaBella has and will forever suffer from a traumatic brain injury, among other serious and life changing injuries.

## JURISDICTION

2.

For Plaintiff's claims against the United States of America this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

3.

For Plaintiff's claims against Defendants John Does 1 through 10, Plaintiff's claims arise under the Fourth Amendment to the United States Constitution, and the US Supreme Court's decision in *Bivens v. Ten Unnamed Federal Officers*, 403 US 388 (1971). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4.

Venue is proper in the District of Oregon, Portland Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Oregon.

/ / /

/ / /

/ / /

Page 2 - COMPLAINT

## PARTIES

5.

Plaintiff Donavan LaBella (hereinafter "Plaintiff") at all times material, was and is a United States citizen living in the State of Oregon.

6.

Defendant the United States of America is a sovereign country in North America comprised of 50 states, and at all times material, was the employer of Defendant John Does 1 through 10, more particularly described below. Plaintiff's claims against the United States of America are brought pursuant to 28 U.S.C. § 1346, 28 U.S.C. § 2672 and 28 U.S.C. § 2674 for the torts committed against Plaintiff by federal officers John Does 1 through 10, all of whom were employed by the United States of America, and at all material times, were acting within the course and scope of their employment, and under color of law.

7.

Defendant John Doe 1 is the currently unidentified federal officer who, unjustifiably and without provocation, pulled the trigger and launched into Plaintiff's skull and brain a "less-lethal" impact munition, causing the Plaintiff's damages as detailed below.

   a. Upon information and belief, John Doe 1 was and is an officer with the United States Marshal Service ("USMS"), but this has not been definitively confirmed despite Plaintiff's multiple requests of the United States and its various agencies to identify John Doe 1 and his employing agency. Accordingly, alternative to being an employee/agent of the USMS, John Doe 1 may be an employee of the Department of Homeland Security ("DHS") agency of Federal Protective Services ("FPS"), US

      Immigration and Customs Enforcement ("ICE"), and/or U.S. Customs and Border Protection ("CBP").

    b. John Doe 1, at all times material was an "investigative or law enforcement officer" as that term is defined under 28 U.S.C. § 2680(h).

    c. At all times material John Doe 1 was acting within the scope of his/her employment and under color of law.

    d. John Doe 1 is sued in his/her individual capacity.

8.

Defendants John Does 2 – 10 are officers/employees/agents of the USMS, FPS, ICE, and/or CBP who, leading up to and on July 11, 2020, were at or near the Mark O. Hatfield Federal Courthouse when John Doe 1 shot Plaintiff, and who were joint participants with John Doe 1 in the events resulting in Plaintiff's injuries and damages.

    a. At all times material John Does 2 through 10 were acting within the scope of their employment and under color of law.

    b. John Does 2 through 10 were at all times "investigative or law enforcement officers" as that term is defined under 28 U.S.C. § 2680.

    c. John Does 2 through 10 are sued in their individual capacity.

**FACTS COMMON TO ALL CLAIMS**

9.

On July 11, 2020 Plaintiff was lawfully assembled at Lownsdale Square in Portland, Oregon, on the west side of Southwest 3rd Avenue, directly across the street from the Mark O. Hatfield United States Courthouse.

10.

Between 9:00 pm and 10:00 pm on July 11, 2020, while standing near the edge of Lownsdale Square, Plaintiff peacefully held a music speaker above his head toward federal officers who were posted on the eastern side of Southwest 3rd Avenue near the public entrance to the Mark O. Hatfield United States Courthouse. John Does 1 through 10 were federal officers posted at or near the entrance to the Courthouse.

11.

While Plaintiff held his music speaker above his head an officer threw a gas grenade in Plaintiff's immediate vicinity. In response, after Plaintiff unsuccessfully attempted to kick the gas grenade away from his immediate vicinity, Plaintiff bent down, picked up the gas grenade, and under-hand tossed the gas grenade back toward the middle of Southwest 3rd Avenue. Plaintiff then stepped back to the edge of Lownsdale Square and lifted his music speaker back overhead, again with both his hands.

12.

Suddenly, just after Plaintiff stepped back to the edge of Lownsdale Square armed only with his speaker, John Doe 1 shot Plaintiff in the face, between Plaintiff's eyes, with a "less-lethal" impact munition, which caused Plaintiff to immediately collapse to the ground. The entire event was contemporaneously recorded on video.[1]

/ / /

/ / /

/ / /

/ / /

---

[1] Video available at https://www.washingtonpost.com/nation/2020/07/13/portland-protester-injured-federal/

Page 5 - COMPLAINT

13.

John Doe 1's act of shooting Plaintiff in the face with a "less-lethal" impact munition was unprovoked, unjustifiable, and unlawful.  At the time John Doe 1 knew, or should have known, that it was objectively unreasonable to shoot Plaintiff in the face with a projectile, when Plaintiff was an unarmed person who committed no offense, who had been given no warning of the imminent use of such a significant degree of force, who posed no risk of flight, and posed no objectively reasonable threat to the safety of any officer or individual in the area.

14.

The shot detailed in Paragraph 12 caused Plaintiff the following physical injuries, some of which are permanent in nature:

a. Open comminuted depressed frontal skull fracture;

b. Bilateral anterior frontal lobe intraparenchymal contusions;

c. Bilateral frontal subarachnoid hemorrhage;

d. Bilateral frontal subdural hemorrhage;

e. Right orbital roof fracture;

f. Right medial orbital wall fracture;

g. Left orbital roof fracture;

h. Left medial orbital wall fracture;

i. Left orbital floor fracture;

j. Left medial maxillary sinus wall fracture;

k. Left anterior maxillary sinus wall fracture;

l. Nasal bone fracture;

m. Nasal septal fracture;

    n.  Complex fracture of sphenoid sinus;

    o.  Comminuted fractures of cribiform plate;

    p.  Left eye blindness/disfunction;

    q.  Chronic/recurrent cerebral spinal fluid leak;

    r.  Bifrontal brain abscesses;

    s.  Traumatic brain injury; and

    t.  Permanent scarring of the forehead.

15.

To treat Plaintiff's various injuries Plaintiff incurred medical expenses in the past and will need on-going treatment, care, and professional services over the remaining 51 years of his estimated life expectancy. Plaintiff has therefore suffered economic damages in the form of past and future medical expenses in an amount to be determined at trial.

16.

From Plaintiff's injuries he was unable to engage in gainful employment, causing Plaintiff economic damages in the form of past wage loss in an amount to be determined at trial. In addition, Plaintiff is now severely limited, if not precluded, from obtaining gainful employment, resulting in significant loss of future wages and loss of future earning capacity in an amount to be determined at trial.

17.

Finally, and most significantly, Plaintiff suffered significant physical and mental pain, anguish, and distress during the acute period of trauma from the skull-crushing blow. Plaintiff now suffers from a debilitating and permanent frontal lobe brain injury which has negatively altered the course of Plaintiff's life. Plaintiff's brain injury has been equated by medical

professionals to a frontal lobotomy.  Because of his injury Plaintiff regularly does and indefinitely will experience negative changes in behavior and personality, decreased impulse control, mood change, memory loss, confusion, an inability to understand and/or comprehend, loss of emphatic reasoning, impaired judgment, loss of coordination and balance, severe cognitive dysfunction, and headaches.  Plaintiff must endure the humiliation and embarrassment for the rest of his life of being labeled a person with impaired cognitive function.  Also, to a large degree, Plaintiff has lost his independence and will be reliant upon others to maintain a safe and stable life.  All amount to Plaintiff's non-economic damages in an amount to be determined at trial.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TORT CLAIMS ACT – BATTERY**
**(Against the United States of America)**

18.

Plaintiff realleges paragraphs 1 through 17 as though fully alleged herein.

19.

Defendant John Doe 1, when he shot Plaintiff in the face with a "less-lethal" munition, intended such contact to occur, intended the contact to be harmful and offensive, and indeed the contact was harmful and offensive to Plaintiff's person.

20.

To the extent John Doe 1 was authorized to use force to accomplish a legitimate and/or lawful purpose under the circumstances, the force John Doe 1 used against Plaintiff was egregiously disproportional to the circumstances at the time, and therefore, excessive.

/ / /

/ / /

21.

Based upon information and belief, John Does 2 through 10 were direct participants and co-actors with John Doe 1 when John Doe 1 intended to cause and did cause harmful and offensive contact with Plaintiff's person. John Does 2 through 10 participated, aided, and assisted John Doe 1, all with an intent that John Doe 1 would cause harmful and/or offensive contact against Plaintiff's person.

22.

As a result of John Doe 1's harmful and offensive contact, as alleged in Paragraphs 12, 19, and 20 and John Does 2 through 10's participation as alleged in Paragraph 21, Plaintiff suffered the damages alleged in Paragraphs 14, 15, 16, and 17.

23.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Does 1-10's conduct as alleged in Paragraphs 12, 19, 20, 21, and 22.

24.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective Services, the Immigration and Customs Enforcement, and the US Border Patrol. More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer. By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

25.

Pursuant to FRCP 39(c) Plaintiff respectfully requests the Court to empanel an advisory jury to render an advisory verdict on this First Claim for Relief.

Page 9 - COMPLAINT

## SECOND CLAIM FOR RELIEF
## FEDERAL TORT CLAIMS ACT – NEGLIGENCE
### (Against the United States of America)

26.

Plaintiff realleges paragraphs 1 through 17 as though fully alleged herein.

27.

Defendant John Does 1 through 10 were negligent in the following particulars:

A) In using a "less-lethal" impact munition in a manner that violated USMS policies and directives;

B) In aiming and firing an impact munition at Plaintiff's face;

C) In authorizing and/or using a level of force against Plaintiff that John Does 1 through 10 knew, or reasonably should have known, was a disproportional amount of force relative to the circumstances then and there present; and

D) In authorizing and/or using lethal force against Plaintiff when John Does 1 through 10 knew, or reasonably should have known, that such force was unwarranted;

28.

As a result of John Does 1 through 10's negligence Plaintiff suffered the damages alleged in Paragraphs 14, 15, 16, and 17.

29.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Does 1-10's conduct as alleged in Paragraphs 12, and 27.

30.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective

Services, the Immigration and Customs Enforcement, and the US Border Patrol. More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer. By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

31.

Pursuant to FRCP 39(c) Plaintiff requests that the Court to empanel an advisory jury to render an advisory verdict on this Second Claim for Relief.

### THIRD CLAIM FOR RELIEF
### FEDERAL TORT CLAIMS ACT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against the United State of America)

32.

Plaintiff realleges paragraphs 1 through 17 as though fully alleged herein.

33.

Defendant John Doe 1, when he shot Plaintiff in the face with a "less-lethal" munition, intended or was reasonably certain to inflict upon Plaintiff severe mental and/or emotional distress, and such distress was certain to result from John Doe 1's conduct.

34.

John Doe 1's act of shooting Plaintiff in the face with a "less-lethal" munition did, in fact, cause Plaintiff severe mental and emotional distress.

35.

John Doe 1's act of shooing Plaintiff in the face with a "less-lethal" munition, in view of all the circumstances then and there apparent, constituted an extraordinary transgression of the bounds of socially tolerable conduct, and in fact, exceeded any reasonable limit of social toleration.

36.

As a result of John Doe 1's intentional infliction of emotional distress, as alleged in Paragraphs 33, 34, and 35, Plaintiff suffered the damages alleged in Paragraphs 14, 15, 16, and 17.

37.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Does 1's conduct as alleged in Paragraphs 12, 33, 34, and 35.

38.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective Services, the Immigration and Customs Enforcement, and the US Border Patrol.  More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer.  By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

39.

Pursuant to FRCP 39(c) Plaintiff requests that the Court to empanel an advisory jury to render an advisory verdict on this Third Claim for Relief.

**FOURTH CLAIM FOR RELIEF – BIVENS CLAIM**
**(Against John Does 1-10)**

40.

Plaintiff realleges paragraphs 1 through 17 as though fully alleged herein.

41.

At all times material Plaintiff enjoyed a protected liberty interest under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his person.

42.

John Doe 1, in shooting Plaintiff in the face with a "less-lethal" munition, seized Plaintiff through the application of force, and such use of force was excessive and unreasonable, in violation of Plaintiff's Fourth Amendment rights. John Doe 1's use of force was unreasonable, and therefore excessive, considering all the circumstances John Doe 1 knew, or should have known, at the scene, which included the following facts:

A) That Plaintiff was not engaged in any criminal activity when John Doe 1 shot Plaintiff, and John Doe 1 lacked knowledge of facts sufficient to form an objectively reasonable belief that Plaintiff was engaged in criminal activity;

B) That Plaintiff did not pose a threat to the safety of any officers or others there present at the scene, and John Doe 1 lacked knowledge of facts sufficient to form an objectively reasonable belief that Plaintiff posed a threat to the safety of any offers or others there present at the scene;

C) That Plaintiff was not actively resisting arrest or attempting to evade arrest;

D) That Plaintiff's conduct created no exigencies to justify John Doe 1's use of force, and John Doe 1 lacked knowledge of facts sufficient to form an objectively reasonable belief that exigencies existed to justify the use of force;

E) That John Doe 1 had ample time to consider and reflect on the appropriate amount of force that reasonably appeared necessary to achieve whatever lawful outcome John Doe 1 then and there sought (if any);

F) That there were other methods available to John Doe 1 to achieve whatever lawful outcome John Doe 1 then and there sought (if any);

G) That it would be a violation USMS protocol and guidelines for John Doe 1 to shoot Plaintiff in the face with a "less-lethal" munition, given the facts and circumstances then and there present at the time John Doe 1 shot Plaintiff;

H) That the force John Doe 1 did employ, by way of a "less-lethal" munition shot into Plaintiff's face, constituted lethal force, which high degree of force was grossly disproportionate to Plaintiff's conduct;

I) That it was practical for John Doe 1 to give warning of the imminent use of force prior to shooting Plaintiff in the face with a "less-lethal" munition, and that John Doe 1 failed to use such warning; and

J) That it was possible and practical for John Doe 1 to give Plaintiff a lawful order to disengage in any perceived illegal conduct prior to using force on Plaintiff, especially the lethal force that John Doe 1 used.

43.

Upon information and belief, John Does 2 – 10 were present at the Mark O. Hatfield Courthouse with John Doe 1, and acted in concert with John Doe 1 in violating Plaintiff's Fourth Amendment right to be free from unreasonable seizure. John Does 2 – 10 participated with, aided, and assisted John Doe 1 in violating Plaintiff's Fourth Amendment rights.

44.

At all times material the law was clearly established in the Ninth Circuit that the conduct of John Does 1 – 10, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable, excessive, and in violation of Plaintiff's Fourth Amendment rights. A reasonable law enforcement officer in John Does 1 – 10's position would know that the force used

against Plaintiff constituted an unreasonable seizure of his person, in violation of Plaintiff's Fourth Amendment.

45.

As a direct and proximate result of John Does 1 – 10's conduct alleged in Paragraphs 42 and 43, Plaintiff suffered the damages alleged in Paragraphs 14, 15, 16, and 17.

46.

John Does 1 – 10's acted toward Plaintiff with a malicious intent to deprive Plaintiff of his constitutional rights. Therefore, Plaintiff is entitled to an award of punitive damages against John Does 1 – 10 to punish and deter them and others from engaging in such egregious conduct in the future to the detriment of others' rights protected under the Constitution.

## **PRAYER**

WHEREFORE Plaintiff prays for judgment as follows:

On Plaintiff's First Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trail from Defendant the United States of America, together with an advisory jury to render an advisory verdict.

On Plaintiff's Second Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trial from Defendant the United States of America, together with an advisory jury to render an advisory verdict.

On Plaintiff's Third Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trial from

Defendant the United States of America, together with an advisory jury to render an advisory verdict.

On Plaintiff's Fourth Claim for Relief, past and future medical expenses, past and future wage loss, past and future non-economic damages, and punitive damages, in an amount to be determined at trial from Defendants John Does 1 – 10.

Plaintiff also seeks his costs and disbursements necessarily incurred herein.

DATED THIS 17th day of November, 2021.

/s/ James M. Healy
Christopher R. Best, OSB No. 082649
James M. Healy, OSB No. 123403
Attorneys for Plaintiff

Page 16 - COMPLAINT

The Gatti Law Firm
235 Front St SE #200, Salem, OR 97301
(503) 363-3443