Andrew D. Campbell, OSB No. 022647
Email: andrew@heltzel.com
Heltzel Williams PC
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302

Christopher J. Keeven, *pro hac vice*
Email: ckeeven@shawbransford.com
Victoria E. Grieshammer, *pro hac vice*
Email: vgrieshammer@shawbransford.com
Shaw Bransford and Roth PC
1100 Connecticut Ave NW, Suite 900
Washington, D.C. 20036
Telephone: (202) 463-8400

*Attorneys for Defendant John Doe 1*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE SVOBODA'S FIDUCIARY SERVICES, LLC, as conservator for DONAVAN LABELLA,<br><br>               Plaintiff,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA; JOHN DOE 1; and JOHN DOES 2-10,<br><br>              Defendants. | Case No. 3:21-cv-01664-MO<br><br>**DEFENDANT JOHN DOE 1'S UNOPPOSED MOTION TO STAY DISCOVERY** |

## MOTION

Defendant John Doe 1 respectfully moves this Court to stay all discovery-related deadlines, including the Rule 26(f) conference, until Defendant Doe 1's qualified immunity defense is resolved.

## BACKGROUND

Plaintiff Donavan Labella filed his First Amended Complaint ("FAC") on April 22, 2022. *See* ECF 33. He brought three Federal Tort Claims Act ("FTCA") claims against the United States of America (Counts I, II, and III), and one claim against Defendant John Doe 1 and Defendants John Does 2-10 in their individual capacity (Count IV) under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* FAC. On September 9, 2022, Defendant Doe 1 moved to dismiss Plaintiff's claim against him on the basis of qualified immunity and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF 51. Plaintiff's deadline to respond to Defendant Doe 1's motion is Friday, October 7, 2022. *See* ECF 53, 54.

The Court previously ordered the "discovery planning conference required by Fed. R. Civ. Pro. 26(f) and LR 26-1(1) shall occur within 30 days after" Defendant Doe 1 "responds" to the complaint. *See* ECF 29. Accordingly, the Rule 26(f) conference, which requires the parties to develop and submit a proposed discovery plan, is currently scheduled to occur no later than October 10, 2022. *See* Fed. R. Civ. Pro. 26(f).

The undersigned contacted Plaintiff's counsel and counsel for Defendant United States of America regarding the proposed stay of discovery. All parties consent to this motion.

## ARGUMENT

Discovery should not proceed until the threshold question of qualified immunity is resolved. Defendant Doe 1 asserted qualified immunity in his Motion to Dismiss. *See* ECF 51. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). "The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citations omitted). Accordingly, the Supreme Court "repeatedly ha[s] stressed" that courts should resolve the issue of qualified immunity "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam), and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The concept of qualified immunity is meant to protect government officials from the burdens of litigation, including "substantial social costs," *Anderson v. Creighton*, 483 U.S. 635, 638 (1987), "fear of personal monetary liability," *Id.*, "expensive and time consuming preparation to defend [a] suit on its merits," *Siegert v. Gilley*, 500 U.S. 226, 232, and the "substantial diversion" from the official's duties as a government official. *Iqbal*, 556 U.S. at 685. As a result, if discovery is allowed to proceed while his qualified immunity defense is unresolved, Defendant Doe 1's immunity defense is essentially lost.

Even participation in the Rule 26(f) conference will cause Defendant Doe 1 to lose some of the protections afforded to him by qualified immunity. For all of these reasons, discovery in this case must be stayed against Defendant Doe 1 until his motion to dismiss has been resolved.

Defendant Doe 1's qualified immunity defense necessitates a stay of discovery with respect to the United States as well. Here, the claim against Defendant Doe 1 stems from the same underlying set of facts as the claim against the United States. *See* First Amended Complaint ("FAC"). Furthermore, Plaintiff's claims against the United States are premised entirely on Defendant Doe 1's alleged actions. *See Id.* The Supreme Court has stated:

> It is no answer . . . to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for [the individual-capacity defendant] and [his] counsel to participate in the process to ensure that the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. 685-86.

If discovery proceeds against the United States, the significant overlap in Plaintiff's claims against Defendant Doe 1 and the United States will require Defendant Doe 1 to participate in discovery to ensure he is not prejudiced. *Id.* Defendant Doe 1 will only be "free from the burdens of discovery" and able to preserve his qualified immunity protections if discovery is stayed as to all parties. *Id.*

Moreover, postponing the Rule 26(f) conference and all discovery until Defendant John Doe 1's motion has been resolved will likely narrow the scope of discovery, avoid unnecessary costs to the litigants and the Court, and allow all of the parties to proceed with discovery at the same time (should Defendant Doe 1 remain as a party in this litigation). If Defendant Doe 1's pending Motion to Dismiss is granted, it would be dispositive of all claims asserted against him, and the remaining parties could then more efficiently complete discovery without John Doe 1 as a party.

## CONCLUSION

For the foregoing reasons, the Defendant Doe 1 respectfully requests that the Court stay the Rule 26(f) conference and all discovery until after Defendant Doe 1's qualified immunity defense is adjudicated.

Respectfully submitted this 4th day of October, 2022.

        s/ Andrew D. Campbell
        Andrew D. Campbell, OSB No. 022647
        Email: andrew@heltzel.com
        Heltzel Williams PC
        PO Box 1048
        Salem, OR 97308
        Phone: (503) 585-4422
        Fax: (503) 370-4302

        s/ Christopher J. Keeven
        Christopher J. Keeven, *pro hac vice*
        Email: ckeeven@shawbransford.com
        Victoria E. Grieshammer, *pro hac vice*
        Email: vgrieshammer@shawbransford.com
        Shaw Bransford and Roth PC
        *Attorneys for Defendant John Doe 1*

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached **DEFENDANT DOE 1'S UNOPPOSED MOTION TO STAY DISCOVERY** on:

| | |
|---|---|
| Christopher R. Best<br>James M. Healy<br>The Gatti Law Firm<br>235 Front St SE Ste 200<br>Salem OR  97302<br>Email: cbest@gattilaw.com<br>Email: jhealy@gattilaw.com<br>      Attorneys for Plaintiff | Ashley Rebecca Garman<br>US Dept of Justice, Civil Division<br>PO Box 888<br>Washington, DC 20044<br>Email: Ashley.r.garman@usdoj.gov<br><br>Stephen Terrell<br>Civil Division/T-FTCA Name<br>PO Box 888<br>Washington, DC 20044<br>Email: Stephen.terrell2@usdoj.gov<br>      Attorneys for Defendant USA |

☐ By mailing to said attorney(s) a full and correct copy therefor, contained in a sealed envelope, with postage paid, addressed to said attorney(s) as stated above and deposited in the United States Post Office at Salem, Oregon.

☐ By hand delivering to said attorney(s) a true copy thereof.

☑ By emailing to said attorney(s) at their above listed email address(es) a true copy thereof.

☑ By electronic filing with the District Court's CM/ECF system.  The CM/ECF system generated Notice of Electronic Filing constitutes proof of service upon a Filing User in accordance with Fed. R. Civ. P. 5(d).

Dated this 4th day of October, 2022.

HELTZEL WILLIAMS PC


s/ Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Attorney for Defendant John Doe 1
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
Email: Andrew@heltzel.com