IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NICOLE SVBODA'S FIDUCIARY
SERVICES, LLC,** as conservator for
**DONAVAN LABELLA**

No. 3:21-cv-01664-MO

Plaintiff,

OPINION & ORDER

v.

**UNITED STATES OF AMERICA; JOHN
DOE 1;** and **JOHN DOES 2–10,**

Defendants.

**MOSMAN, J.,**

This matter comes before me on Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories [ECF 91]. For the reasons elaborated below, I DENY Plaintiff's motion.

## BACKGROUND

In July 2020, Plaintiff Donavan LaBella participated in a protest in front of the Mark O. Hatfield United States Courthouse. Am Compl. [ECF 35] at ¶ 9. During the protest, federal officer John Doe 1 fired a less-than-lethal impact munition that struck LaBella in the face and caused serious injuries. *Id.* at ¶¶ 12, 14. LaBella asserts claims against the Government under the Federal Tort Claims Act for battery, negligence, and intentional infliction of emotional distress.

1 – OPINION AND ORDER

Plaintiff now moves to compel the Government to answer the following three contention interrogatories:

> **Interrogatory No. 15:** Please IDENTIFY all factors and/or conditions present on July 11, 2020 at the time that John Doe 1 used force against Donavan LaBella that the USMS contends affected John Doe 1's ability to accurately hit Donavan LaBella in a "preferred target area." (See Deposition of J.K. p. 28 ll. 2-23; p. 29 ll. 13-25; p. 30 ll. 1-3). For every factor and/or condition identified, please explain how and to what extent such factor affected John Doe 1's ability to accurately hit Donavan LaBella in a "preferred target area."
>
> **Interrogatory No. 16:** Please IDENTIFY all the facts, factors, and/or conditions present on July 11, 2020 at the time John Doe 1 used force against Donavan LaBella that the USMS contend authorized John Doe 1's use of force against Donavan LaBella. (See Deposition of J.K. p. 29 ll. 13-25; p. 30 ll. 1-3).
>
> **Interrogatory No. 17:** Please IDENTIFY all the actions Donavan LaBella engaged in on July 11, 2020 at the time John Doe 1 used force against Donavan LaBella that the USMS contend authorized John Doe 1's use of force against Donavan LaBella.

Pl.'s Mot. to Compel at 2–3.

## DISCUSSION

Plaintiff argues that all three interrogatories are permissible contention interrogatories under Federal Rule of Civil Procedure 33 and Local Rule ("LR") 33-1(d). For the following reasons, I disagree.

To begin, the interrogatories violate LR 33-1(d)'s plain language. LR 33-1(d) prohibits "[b]road general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' or to 'apply law to facts.'" Here, Plaintiff's claims turn on whether John Doe 1's use of force was reasonable under the circumstances, meaning the Government's main defense is that John Doe 1's use of force was reasonable. Accordingly, the interrogatories ask for precisely what LR 33-1(d) prohibits: "all facts on which a . . . defense is based."

The case law reinforces this interpretation of LR 33-1(d). For example, *Flinn Block* was a products defect case in which a restaurant owner sued a manufacturer for an allegedly defective doorbell that caused a fire. *Flinn Block, LLC v. DESA, LLC*, No. 08-cv-6254, 2010 WL 11701126, at *2 (D. Or. June 25, 2010). The defendant propounded interrogatories asking the plaintiffs "to identify the facts upon which a theory of negligent design or manufacture rests," how plaintiffs "believe the fire began," and "the facts upon which plaintiffs rely for their claim that the product was defective and/or unreasonably dangerous when manufactured and sold." *Id.* at *2. The court found that all three interrogatories violated LR 33-1(d) because they asked for the factual basis of the plaintiffs' claims. *Id.* Similarly, here, Plaintiff's interrogatories ask for the factual basis of the Government's defense, which also happens to be the issue on which this entire case turns. As in *Flinn Block*, Plaintiff's interrogatories violate LR 33-1(d).

Plaintiff cites *U.S. Bakery* to argue that interrogatories directed at specific defenses are permissible under LR 33-1(d). *Equal Emp't Opportunity Comm'n v. U.S. Bakery*, No. CV 03-64-HA, 2003 WL 23538023 (D. Or. Nov. 20, 1993). But Plaintiff's argument is unavailing because the interrogatory in *U.S. Bakery* pertained to a statute of limitations defense and not, as here, a defense that bore upon the central disputed issue in the case. *See id.* at *3.

Finally, I deny Plaintiff's motion for the additional reason that the interrogatories impermissibly seek expert testimony. All three interrogatories require the application of fact to law in violation of LR 33-1(d). Also, FRCP 26(b)(4)(A) allows for the deposition of an expert, but only after the production of the expert's report. The Parties have not yet produced their expert reports in this matter. Plaintiff's interrogatories are therefore premature and not permitted at this point in discovery.

3 – OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, I DENY Plaintiff's Motion to Compel Answers to Plaintiff's interrogatories.

IT IS SO ORDERED.

DATED this  30  day of November, 2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER