**Christopher R. Best, OSB No. 082649**
cbest@gattilaw.com
**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
The Gatti Law Firm
235 Front St. SE, Ste. 200
Salem, Oregon, 97301
Telephone: 503-363-3443
Fax: 503-371-2482
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE SVOBODA'S FIDUCIARY SERVICES, LLC, as conservator for DONAVAN LABELLA,<br><br>        Plaintiff,<br><br>vs.<br><br><br>THE UNITED STATES OF AMERICA<br><br>        Defendant. | Civil Action No. 3:21-cv-01664-MO<br><br>SECOND AMENDED COMPLAINT<br><br>Federal Tort Claims Act claim for Negligence, Battery, and IIED<br><br>**REQUEST FOR ADVISORY JURY** |

Plaintiff alleges as follows:

/ / /

/ / /

Page 1 – SECOND AMENDED COMPLAINT

## INTRODUCTION

1.

This Complaint describes how, on July 11, 2020 in Portland, Oregon, a United States federal officer named John Doe 1, without justification or provocation, mercilessly shot Donavan LaBella in the face with a "less-lethal" impact munition, while Donavan stood across the street from the federal officer, armed only with a music speaker held with both hands above his head. The "less-lethal" munition the federal officer shot at Donavan LaBella crushed the front of Mr. LaBella's skull and impacted his brain. Since that indefensible shot, and as described further below, Donavan LaBella has and will forever suffer from a traumatic brain injury, among other serious and life changing injuries.

## JURISDICTION

2.

For Plaintiff's claims against the United States of America this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

3.

Venue is proper in the District of Oregon, Portland Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Oregon.

## PARTIES

4.

Plaintiff Nicole Svoboda's Fiduciary Services, LLC is the duly appointed Conservator of Donavan LaBella, pursuant to a January 5, 2022 Judgement appointing it as such, filed in the

Circuit Court of the State of Oregon, County of Multnomah, Probate Department, Case No. 21PR01556. The Conservator brings this action on behalf and for the benefit of Donavan LaBella.

Donavan LaBella (hereinafter referred to as "Plaintiff") at all times material, was and is a United States citizen living in the State of Oregon.

5.

Defendant the United States of America is a sovereign country in North America comprised of 50 states, and at all times material, was the employer of John Doe 1, more particularly described below. Plaintiff's claims against the United States of America are brought pursuant to 28 U.S.C. § 1346, 28 U.S.C. § 2672 and 28 U.S.C. § 2674 for the torts committed against Plaintiff by federal officer John Doe 1 who was employed by the United States of America, and at all material times, was acting within the course and scope of his employment, and under color of law.

6.

John Doe 1 is the Deputy US Marshal who, unjustifiably and without provocation, pulled the trigger and launched into Plaintiff's skull and brain a "less-lethal" impact munition, causing the Plaintiff's damages as detailed below.

a. John Doe 1 was and is an officer with the United States Marshal Service (USMS). While in Portland, Oregon during the timeframe in which he shot Plaintiff, John Doe 1 was one of many officers tasked with the traditional law enforcement job of protecting the Mark O. Hatfield Federal Courthouse from vandalism, destruction, and other crime.

b. John Doe 1, at all times material was an "investigative or law enforcement officer" as that term is defined under 28 U.S.C. § 2680(h).

c. At all times material John Doe 1 was acting within the scope of his employment and under color of law.

## FACTS COMMON TO ALL CLAIMS

7.

On July 11, 2020 Plaintiff was lawfully assembled at Lownsdale Square in Portland, Oregon, on the west side of Southwest 3rd Avenue, directly across the street from the Mark O. Hatfield United States Courthouse.

8.

Between 9:00 pm and 10:00 pm on July 11, 2020, while standing near the edge of Lownsdale Square, Plaintiff peacefully held a music speaker above his head toward federal officers who were posted on the eastern side of Southwest 3rd Avenue near the public entrance to the Mark O. Hatfield United States Courthouse. John Doe 1 was a federal officers posted at or near the entrance to the Courthouse. Upon information and belief the mission of the federal officers posted at the Courthouse was the traditional law enforcement activity of protecting property (the Courthouse) from vandalism, damage, and other destruction.

9.

While Plaintiff held his music speaker above his head an officer threw a gas grenade in Plaintiff's immediate vicinity. In response, after Plaintiff unsuccessfully attempted to kick the gas grenade away from his immediate vicinity, Plaintiff bent down, picked up the gas grenade, and under-hand tossed the gas grenade back toward the middle of Southwest 3rd Avenue. Plaintiff then stepped back to the edge of Lownsdale Square and lifted his music speaker back overhead, again with both his hands.

10.

Suddenly, just after Plaintiff stepped back to the edge of Lownsdale Square armed only with his speaker, John Doe 1 shot Plaintiff in the face, between Plaintiff's eyes, with a "less-lethal"

impact munition, which caused Plaintiff to immediately collapse to the ground. The entire event was contemporaneously recorded on video.[1]

11.

John Doe 1's act of shooting Plaintiff in the face with a "less-lethal" impact munition was unprovoked, unjustifiable, and unlawful. At the time John Doe 1 knew, or should have known, that it was objectively unreasonable to shoot Plaintiff in the face with a projectile, when Plaintiff was an unarmed person who committed no offense, who had been given no warning of the imminent use of such a significant degree of force, who posed no risk of flight, and posed no objectively reasonable threat to the safety of any officer or individual in the area.

12.

The shot detailed in Paragraph 10 caused Plaintiff the following physical injuries, some of which are permanent in nature:

    a. Open comminuted depressed frontal skull fracture;

    b. Bilateral anterior frontal lobe intraparenchymal contusions;

    c. Bilateral frontal subarachnoid hemorrhage;

    d. Bilateral frontal subdural hemorrhage;

    e. Right orbital roof fracture;

    f. Right medial orbital wall fracture;

    g. Left orbital roof fracture;

    h. Left medial orbital wall fracture;

    i. Left orbital floor fracture;

    j. Left medial maxillary sinus wall fracture;

---

[1] Video available at https://www.washingtonpost.com/nation/2020/07/13/portland-protester-injured-federal/

k. Left anterior maxillary sinus wall fracture;

l. Nasal bone fracture;

m. Nasal septal fracture;

n. Complex fracture of sphenoid sinus;

o. Comminuted fractures of cribiform plate;

p. Left eye blindness/disfunction;

q. Chronic/recurrent cerebral spinal fluid leak;

r. Bifrontal brain abscesses;

s. Traumatic brain injury; and

t. Permanent scarring of the forehead.

13.

To treat Plaintiff's various injuries Plaintiff incurred medical expenses in the past and will need on-going treatment, care, and professional services over the remaining 51 years of his estimated life expectancy. Plaintiff has therefore suffered economic damages in the form of past and future medical expenses in an amount to be determined at trial.

14.

From Plaintiff's injuries he was unable to engage in gainful employment, causing Plaintiff economic damages in the form of past wage loss in an amount to be determined at trial. In addition, Plaintiff is now severely limited, if not precluded, from obtaining gainful employment, resulting in significant loss of future wages and loss of future earning capacity in an amount to be determined at trial.

/ / /

/ / /

15.

Finally, and most significantly, Plaintiff suffered significant physical and mental pain, anguish, and distress during the acute period of trauma from the skull-crushing blow. Plaintiff now suffers from a debilitating and permanent frontal lobe brain injury which has negatively altered the course of Plaintiff's life. Plaintiff's brain injury has been equated by medical professionals to a frontal lobotomy. Because of his injury Plaintiff regularly does and indefinitely will experience negative changes in behavior and personality, decreased impulse control, mood change, memory loss, confusion, an inability to understand and/or comprehend, loss of emphatic reasoning, impaired judgment, loss of coordination and balance, severe cognitive dysfunction, and headaches. Plaintiff must endure the humiliation and embarrassment for the rest of his life of being labeled a person with impaired cognitive function. Also, to a large degree, Plaintiff has lost his independence and will be reliant upon others to maintain a safe and stable life. All amount to Plaintiff's non-economic damages in an amount to be determined at trial.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TORT CLAIMS ACT – BATTERY**
**(Against the United States of America)**

16.

Plaintiff realleges Paragraphs 1 through 15 as though fully alleged herein.

17.

John Doe 1, when he shot Plaintiff in the face with a "less-lethal" munition, intended such contact to occur, intended the contact to be harmful and offensive, and indeed the contact was harmful and offensive to Plaintiff's person.

/ / /

18.

To the extent John Doe 1 was authorized to use force to accomplish a legitimate and/or lawful purpose under the circumstances, the force John Doe 1 used against Plaintiff was egregiously disproportional to the circumstances at the time, and therefore, excessive.

19.

As a result of John Doe 1's harmful and offensive contact, as alleged in Paragraphs 10, 11, 17, and 18, Plaintiff suffered the damages alleged in Paragraphs 12, 13, 14, and 15.

20.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Doe 1's conduct as alleged in Paragraphs 10, 11, 17, and 18.

21.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective Services, the Immigration and Customs Enforcement, and the US Border Patrol. More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer. By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

22.

Pursuant to FRCP 39(c) Plaintiff respectfully requests the Court to empanel an advisory jury to render an advisory verdict on this First Claim for Relief.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
## FEDERAL TORT CLAIMS ACT – NEGLIGENCE
### (Against the United States of America)

23.

Plaintiff realleges Paragraphs 1 through 15 as though fully alleged herein.

24.

John Doe 1 was negligent in the following particulars:

A) In using a "less-lethal" impact munition in a manner that violated USMS policies and directives;

B) In aiming and firing an impact munition at Plaintiff's face;

C) In failing to use reasonable care to ensure that the impact munition, when used against Plaintiff, would hit a preferred target area of Plaintiff's body;

D) In failing to properly aim the less lethal device prior to firing the device at Plaintiff;

E) In authorizing and/or using a level of force against Plaintiff that John Doe 1 knew, or reasonably should have known, was a disproportional amount of force relative to the circumstances then and there present; and

F) In authorizing and/or using lethal force against Plaintiff when John Doe 1 knew, or reasonably should have known, that such force was unwarranted;

25.

As a result of John Doe 1's negligence Plaintiff suffered the damages alleged in Paragraphs 12, 13, 14, and 15.

26.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Doe 1's conduct as alleged in Paragraphs 10, 11, and 24.

27.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective Services, the Immigration and Customs Enforcement, and the US Border Patrol. More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer. By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

28.

Pursuant to FRCP 39(c) Plaintiff requests that the Court to empanel an advisory jury to render an advisory verdict on this Second Claim for Relief.

### THIRD CLAIM FOR RELIEF
### FEDERAL TORT CLAIMS ACT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against the United State of America)**

29.

Plaintiff realleges paragraphs 1 through 15 as though fully alleged herein.

30.

John Doe 1, when he shot Plaintiff in the face with a "less-lethal" munition, intended or was reasonably certain to inflict upon Plaintiff severe mental and/or emotional distress, and such distress was certain to result from John Doe 1's conduct.

31.

John Doe 1's act of shooting Plaintiff in the face with a "less-lethal" munition did, in fact, cause Plaintiff severe mental and emotional distress.

/ / /

Page 10 – SECOND AMENDED COMPLAINT

32.

John Doe 1's act of shooing Plaintiff in the face with a "less-lethal" munition, in view of all the circumstances then and there apparent, constituted an extraordinary transgression of the bounds of socially tolerable conduct, and in fact, exceeded any reasonable limit of social toleration.

33.

As a result of John Doe 1's intentional infliction of emotional distress, as alleged in Paragraphs 10, 11, 30, 31, and 32, Plaintiff suffered the damages alleged in Paragraphs 12, 13, 14, and 15.

34.

Pursuant to the Federal Tort Claims Act 28 U.S.C. § 2674, the United States is liable for John Doe 1's conduct as alleged in Paragraphs 10, 11, 30, 31, and 32.

35.

On May 6, 2021 Plaintiff provided a Federal Tort Claim Notice (Standard Form 95) to the United State Marshal Service, the Department of Homeland Security, the Federal Protective Services, the Immigration and Customs Enforcement, and the US Border Patrol. More than six months have passed since that date of notice, and none of the Agencies have accepted the claim or made a settlement offer. By the Agencies' inaction, Plaintiff's claim is deemed denied, and he is now permitted to pursue his rights in Court under 28 U.S.C. § 2675(a).

36.

Pursuant to FRCP 39(c) Plaintiff requests that the Court to empanel an advisory jury to render an advisory verdict on this Third Claim for Relief.

/ / /

Page 11 – SECOND AMENDED COMPLAINT

## **PRAYER**

WHEREFORE Plaintiff prays for judgment as follows:

On Plaintiff's First Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trail from Defendant the United States of America, together with an advisory jury to render an advisory verdict.

On Plaintiff's Second Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trial from Defendant the United States of America, together with an advisory jury to render an advisory verdict.

On Plaintiff's Third Claim for Relief, past and future medical expenses, past and future wage loss, and past and future non-economic damages, in an amount to be determined at trial from Defendant the United States of America, together with an advisory jury to render an advisory verdict.

Plaintiff also seeks his costs and disbursements necessarily incurred herein.

DATED THIS  5th  day of March, 2024.

        /s/ James M. Healy
        Christopher R. Best, OSB No. 082649
        James M. Healy, OSB No. 123403
        Attorneys for Plaintiff