BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
NATALIE K. WIGHT
United States Attorney
JAMES G. TOUHEY, Jr.
Director, Torts Branch
SABRINA UNDERWOOD
Assistant Director, Torts Branch
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Stephen.Terrell2@usdoj.gov
Tel:   (202) 353-1651
Fax:   (202) 616-5200

*Attorneys for Defendant United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE SVOBODA'S FIDUCIARY SERVICES, LLC, as conservator for DONAVAN LABELLA,<br><br>                              Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, JOHN DOE 1, and JOHN DOES 2-10,<br><br>                              Defendants. | Case No. 3:21-cv-1664-MO<br><br>**UNITED STATES' MOTION FOR PARTIAL DISMISSAL OF SECOND AMENDED COMPLAINT** |

**MOTION**

The United States hereby moves, pursuant to Rule 12, to dismiss plaintiff's second cause of action for negligence. The Court lacks subject matter jurisdiction over plaintiff's negligence count because Oregon law does not recognize a claim for "negligent battery." Pursuant to Local Rule 7-1(A), counsel for the United States certifies that the parties made a good faith effort through telephone conference to resolve the dispute and have been unable to do so. This motion is supported by the below incorporated memorandum of points and authorities, all arguments advanced in reply, and any additional arguments or evidence submitted with leave of Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The Court should dismiss plaintiff's second cause of action for negligence because the only allegedly wrongful conduct at issue in plaintiff's amended complaint is battery (excessive use of force), to include intentional infliction of emotional distress stemming from that alleged battery, and Oregon substantive law does not recognize a claim for "negligent battery." Plaintiff's second cause of action for negligence simply reiterates the same allegations underlying plaintiff's first cause of action for battery and repackages those allegations as negligence. Oregon law does not permit such tactics. Oregon law only permits a plaintiff to pursue alternative causes of action for battery (an intentional tort) and negligence where negligence independent of the alleged battery contributed to cause the plaintiff's harm. Plaintiff has not alleged such facts here. Thus, because a similarly situated private party would not face liability under Oregon law for a "negligent battery" in the context of plaintiff's alleged facts, the Federal Tort Claims Act ("FTCA") does not waive the United States' sovereign immunity from plaintiff's second cause of action.

## II.     RELEVANT ALLEGATIONS

This case arises out of a use-of-force incident during which an impact round deployed by a Deputy United States Marshal ("John Doe 1") from a less-than-lethal device struck plaintiff Donovan LaBella in the head while he was protesting outside of the Mark O. Hatfield federal courthouse on July 11, 2020.  Second Am. Compl. ¶ 1 (ECF No. 114).  According to plaintiff, John Doe 1 "unjustifiably and without provocation, pulled the trigger and launched into Plaintiff's skull and brain a 'less-lethal' impact munition, causing the Plaintiff's damages . . . ." *Id.* ¶ 6.

On July 11, 2020, plaintiff was protesting at the courthouse when John Doe 1 and other federal law enforcement officers were positioned at or near the entrance of the courthouse with the mission of protecting the courthouse from vandalism, damage, and other destruction.  *Id.* ¶ 8. While plaintiff was protesting, a federal law enforcement officer deployed a "gas grenade" in plaintiff's vicinity.  *Id.* ¶ 10.  Plaintiff kicked the munition and then "bent down, picked up the gas grenade, and under-hand tossed the gas grenade back toward" the federal officers.  *Id.* Plaintiff then lifted a large object over his head (a "music speaker") when, according to the complaint, John Doe 1 "shot Plaintiff in the face, between Plaintiff's eyes, with a 'less-lethal' impact munition, which caused Plaintiff to immediately collapse to the ground." *Id.* ¶ 10. Plaintiff contends this use of force was "unprovoked, unjustifiable, and unlawful." *Id.* ¶ 11.

Plaintiff's first cause of action is for battery.  *Id.* ¶¶ 16–22.  His third cause of action is for intentional infliction of emotional distress, and he premises this claim on the battery allegations.  *Id.* ¶¶ 29–36.  Those counts are not the subject of this motion.

Plaintiff's second cause of action is for negligence.  *Id.* ¶¶ 23–28.  Plaintiff premises his negligence count entirely on the acts or omission of John Doe 1.  *Id.* ¶ 24.  More specifically,

plaintiff alleges that John Doe 1 was negligent in the following particulars:

      A)      In using a "less-lethal" impact munition in a manner that violated USMS policies and directives;

      B)      In aiming and firing an impact munition at Plaintiff's face;

      C)      In failing to use reasonable care to ensure that the impact munition, when used against Plaintiff, would hit a preferred target area of Plaintiff's body;

      D)      In failing to properly aim the less lethal device prior to firing the device at Plaintiff;

      E)      In authorizing and/or using a level of force against Plaintiff that John Doe 1 knew, or reasonably should have known, was a disproportional amount of force relative to the circumstances then and there present; and

      F)      In authorizing and/or using lethal force against Plaintiff when John Doe 1 knew, or reasonably should have known, that such force was unwarranted.

*Id.*

## III.    STANDARD OF REVIEW

To sue the United States, a plaintiff must invoke a valid waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff bears the burden of proving subject matter jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Plaintiff's failure to invoke a valid waiver of sovereign immunity warrants dismissal. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 858 (9th Cir. 2011).

The FTCA is a limited waiver of the United States' sovereign immunity. *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022). To fall within that limited waiver of sovereign immunity, plaintiff must allege facts showing, among other elements, that "the United States, if a

private person, would be liable to the [plaintiff] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  This element, like all elements of the FTCA, is jurisdictional, and failure to "plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law" warrants dismissal for lack of subject matter jurisdiction.  *Brownback v. King*, 592 U.S. 209, 218 (2021).

A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  This motion presents a facial attack.  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Because this motion presents a facial attack, the Court should assume plaintiff's allegations to be true and draw all reasonable inferences in his favor.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**IV.    ARGUMENT**

Oregon does not recognize the tort of "negligent battery," and no private party in Oregon, similarly situated to the United States, could be liable for "negligent battery."  Although Oregon law recognizes that both negligent and intentional acts can combine to result in an injury, and that a party may alternatively allege intentional and negligent conduct as contributing causes of an injury in certain discrete circumstances such as where "preshooting tactical choices" combine with a battery to cause an injury, *Box v. Dep't of Or. State Police*, 492 P.3d 685, 699, opinion adhered to as modified on reconsideration sub nom. *Box v. State*, 492 P.3d 1292 (Or. Ct. App. 2021), or where it is unclear whether the defendant's contact with the plaintiff was intentional or negligent, *Cook v. Kinzua Pine Mills Co.*, 293 P.2d 717, 726 (Or. 1956), plaintiff has not alleged such facts here.  Because plaintiff simply repackages his battery allegations as negligence—

rather than pointing to conduct separate from the alleged battery that he contends contributed to the ultimate harm—plaintiff's negligence claim fails. Because plaintiff alleges that John Doe 1 committed battery, plaintiff may attempt to prove the intentional tort of battery, but plaintiff may not also repackage his battery claim as a negligence claim.

      **A.    The Court Should Dismiss Plaintiff's Negligence Claim Because Oregon Substantive Law Does Not Recognize a Claim For "Negligent Battery."**

Oregon substantive law applies to plaintiff's claims in this FTCA action. In evaluating a FTCA claim, "[the Court is] required to apply the law of the state in which the alleged tort occurred." *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). Under the FTCA, the United States is liable for the acts of its employees that constitute torts in the state where the conduct occurred. *Ting v. United States*, 927 F.2d 1504, 1513 (9th Cir. 1991).

Oregon recognizes the tort of battery. A "battery" is a "voluntary act that is intended to cause the resulting harmful or offensive contact." *Walthers v. Gossett*, 941 P.2d 575, 578 (Or. Ct. App. 1997) (citation omitted). Battery is an intentional tort. Oregon law also recognizes that the use of excessive force by a police officer in carrying out an arrest can give rise to civil liability for battery. *Ballard v. City of Albany*, 191 P.3d 679, 686 (Or. Ct. App. 2008).

Plaintiff alleges that John Doe 1 committed battery when he deployed the device at Mr. LaBella. Second Am. Compl. ¶¶ 16–22. Underlying plaintiff's battery count are allegations that John Doe 1 intended to shoot Mr. LaBella and that his use of force "was egregiously disproportional to the circumstances at the time, and therefore, excessive." *Id.* ¶¶ 18. The same conduct and the same allegations underlie his second cause of action for "negligence." *Id.* ¶ 24. The same proof underlies plaintiff's battery claim and "negligence" claim (if permitted). Because a battery may be privileged, *see* Restatement 2d Torts § 141; Or. Rev. Stat. § 161.205(5), whether the use of force was authorized given the totality of the circumstances and

UNITED STATES' MOTION FOR PARTIAL DISMISSAL OF
SECOND AMENDED COMPLAINT                                                                5

what percentage of fault the Court should assign to Mr. LaBella under a negligence theory, Or. Rev. Stat. §§ 31.600, 31.605, involve similar proof. The fact that Mr. LaBella's own conduct at the time of the incident is relevant to both inquiries further demonstrates that the identity of these two claims is one and the same, that is, battery.

Oregon, like many other states, does not recognize the tort of "negligent battery." As observed by the Oregon Supreme Court, "there are four types of conduct into which the infinite veriety [*sic*] of fact situations must fall: (1) Simple negligence, subject to the defense of contributory negligence, (2) gross negligence which we have repeatedly held may be subject to the defense of contributory negligence, (3) injury to the person of another committed in a 'wanton' manner, meaning the doing of an intentional act of an unreasonable character in disregard of a risk known to the actor, or so obvious that he must be taken to have been aware of it and so great as to make it highly probable that harm would follow, usually accompanied by a conscious indifference to consequences; [and] (4) Assault and battery where there is an actual intent not only to do an act but to cause personal injury." *Cook*, 293 P.2d at 728. The conduct at issue here, John Doe 1's use of force against Mr. LaBella, "must fall" into one of these four categories. That category is battery, not negligence or gross negligence.

Because only John Doe 1's conduct is at issue in plaintiff's complaint, and, more specifically, John Doe 1's use of force, that conduct is either an intentional tort (not subject to contributory negligence) or is simple negligence (and subject to contributory negligence). Because plaintiff alleges both in his battery count and in his negligence count that John Doe 1

"aim[ed] and fire[d]" an impact round at Mr. LaBella, Second Am. Compl. ¶ 24.B[1], that conduct "must fall" into "[a]ssault and battery." *Cook*, 293 P.2d at 728.  "Aiming and firing" an impact round, much like "alienation of affection," "by definition . . . constitutes a claim that someone has intentionally inflicted an injury or damage." *Eberdt v. St. Paul Fire & Marine Ins. Co.*, 585 P.2d 711, 713 (Or. Ct. App. 1978).

Accordingly, plaintiff advances an intentional tort claim against the United States premised on John Doe 1's conduct.  Therefore, "in the context of a cause of action alleging an intentional tort, which by definition cannot be committed in a negligent manner, the allegation of negligence is surplusage." *Eberdt*, 585 P.2d at 713.  As observed by numerous courts assessing use of force claims under the common law of other states, "it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force." *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1294 (11th Cir. 2009) (applying Florida law); *see also Liberti v. City of Scottsdale*, 816 F. App'x 89, 91 (9th Cir. 2020) ("In Arizona, plaintiffs cannot base a negligence claim on an intentional use of force nor on a law enforcement officer's negligent evaluation of whether to intentionally use force"); *Blair v. District of Columbia*, 190 A.3d 212, 222 (D.C. 2018) (under District of Columbia law, "as a general rule, evidence reflecting an unbroken escalation from permissive to excessive force preempts a lesser negligence claim based on the same evidence"); *Woodcock v. City of Bowling Green*, 165 F. Supp. 3d 563, 605 (W.D. Ky. 2016), aff'd in part, rev'd in part on other grounds sub nom. *Woodcock v. City of Bowling Green*,

---

[1] *See* "Aim," Oxford English Dictionary (2023) ("To calculate or estimate the required direction of anything which is to be launched at an object (as a blow with a weapon or a part of the body, a missile, etc.), or (in later use) propelled towards a mark or target (e.g. in various sports); to direct a blow, or discharge a missile at anything *with the intention of striking it.*") (emphasis added).

679 F. App'x 419 (6th Cir. 2017) (Under Kentucky law "[t]here is no such thing as a negligent battery"); *Newell v. City of Salina*, 276 F. Supp. 2d 1148, 1159 (D. Kan. 2003) (under Kansas law "Plaintiff's state law claim for negligent arrest does not state a separate cause of action under the present facts").  Oregon law is in accord, a plaintiff cannot seek to prove a battery through negligence.  *See Kasnick v. Cooke*, 842 P.2d 440, 441 (Or. Ct. App. 1992) (finding that "[a]s a matter of law and fact, there is no such thing as a negligent fist fight" and "plaintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence").

Because plaintiff's negligence count rests on the same conduct underlying his battery count, "the allegation of negligence is surplusage," and the Court should dismiss the negligence count. *Eberdt*, 585 P.2d at 713.  Because Oregon law does not recognize the tort of "negligent battery," the Court should dismiss plaintiff's second count for lack of subject matter jurisdiction and as duplicative.  *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

      **B.**    **Plaintiff Does Not Allege Conduct Independent of the Alleged Battery to Support a Negligence Claim.**

Although under Oregon law all conduct "must fall" under either negligence or an intentional tort, there are situations where independent negligent conduct may combine with intentional conduct to cause a single injury.  Plaintiff has not alleged any such fact here, nor has he alleged facts that would permit alternative negligence and battery theories of liability.  In *Askay v. Maloney*, officers in pursuit of a suspect fired shots and one of the bullets struck a passenger in a nearby streetcar.  166 P.2d 29, 32 (Or. 1917).  The Oregon Supreme Court permitted the passenger's negligence claim to proceed because "the detectives were [not]

UNITED STATES' MOTION FOR PARTIAL DISMISSAL OF
SECOND AMENDED COMPLAINT    8

blameless civilly in shooting in a place where they knew or should have known street cars were passing at regular intervals." *Id.* at 31.  This makes sense; the streetcar passenger's only potential claim would be for negligence because the officers never intended to hit bystanders.  But plaintiff, here, does not allege he was a bystander.  Based on the allegations in his complaint, he is instead similarly situated to the suspect in *Askay*, and as to that subject (not the bystander), the Oregon Supreme Court acknowledged that the "peace officer might discharge a weapon under the circumstances stated, and his act be justified." *Id. Askay* therefore stands for the proposition that the target of a battery has a claim for battery—and only battery—even though bystanders that may suffer injuries arising out of the same event may have a claim for negligence.

In *Cook v. Kinzua Pine Mills Company*, the plaintiff wife sued her husband's employer for negligence and knowing recklessness after her husband's logging truck struck her car.  293 P.2d 717, 719–20 (Or. 1956).  The Oregon Supreme Court observed that "negligence and assault and battery may properly be set forth in separate counts under appropriate circumstances." *Id.* at 726.  But the specific "appropriate circumstances" that warranted the alternative jury instructions in that case were that although plaintiff presented evidence of intentional conduct, "the defendants in their case gave an entirely different account of the accident." *Id.* at 729.  Here, plaintiff alleges that John Doe 1 "aimed" and deployed the less-than-lethal device at Mr. LaBella.  Given this allegation, the only disputes are whether that intentional use of force was justified, given the totality of the circumstances, and the precise manner in which that intentional aiming and deploying took place.  At the same time, in *Cook*, the Oregon Supreme Court affirmed that "assault and battery as defined in the Oregon decisions involves an intent to cause unpermitted contact with the person of another, and it follows that one seeking to charge assault

UNITED STATES' MOTION FOR PARTIAL DISMISSAL OF
SECOND AMENDED COMPLAINT                                                                                                              9

and battery should normally allege such intent." *Id.* at 727.  Thus, *Cook* merely stands for the proposition that in cases such as automobile accident cases, where the defendant could have acted intentionally or could have acted negligently, alternative pleading may be appropriate.

Here, by contrast, plaintiff's factual allegations do not suggest that John Doe 1 could have acted intentionally or could have acted negligently; plaintiff alleges only that John Doe 1 intentionally aimed and fired an impact munition at plaintiff.  Second Am. Compl. ¶ 24.B.  This is not surprising, as excessive use of force is not something that a person commits negligently.  Therefore, Mr. LaBella's injuries here "are intentionally inflicted injuries and lie beyond the field of negligence.  It is an intentional tort (assault and battery) as distinguished from negligent act that causes an unintended injury." *Chaffin v. Chaffin*, 397 P.2d 771, 776 (Or. 1964), abrogated on other grounds by *Heino v. Harper*, 759 P.2d 253 (Or. 1988).

In sum, this is a use of force case.  Plaintiff alleges that John Doe 1's use of force was excessive, a state law battery.  Plaintiff may attempt to prove that battery.  But this is not a situation where plaintiff was a bystander or unintended target of the use of force.  Nor is this a case where the defendant could have acted either intentionally or negligently.  Thus, in the circumstances here, "the allegation of negligence is surplusage," *Eberdt*, 585 P.2d at 713, and the conduct at issue "lie[s] beyond the field of negligence," *Chaffin*, 397 P.2d at 776.  Because a similarly situated private party would not face alternative claims of battery and negligence under the facts alleged, the Court lacks subject matter jurisdiction over plaintiff's negligence count and should dismiss that claim.

## V.     CONCLUSION

Plaintiff's second cause of action for negligence is duplicative of his first cause of action for battery.  Because plaintiff's second cause of action for negligence does not rest on any acts or

omissions of government employees independent of John Doe 1's use of force, no similarly situated private party under Oregon law would face a "negligent battery" claim under these facts. This warrants dismissal for lack of subject matter jurisdiction.

Dated: March 8, 2024,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General,
         Civil Division

        NATALIE K. WIGHT
        United States Attorney

        JAMES G. TOUHEY, Jr.
        Director, Torts Branch

        SABRINA UNDERWOOD
        Assistant Director, Torts Branch

        *s/ Stephen R. Terrell*
        STEPHEN R. TERRELL
        CA Bar No. 210004
        Attorney
        U.S. Department of Justice
        Civil Division, Torts Branch
        P.O. Box 888
        Benjamin Franklin Station
        Washington, D.C. 20044
        Tel:   (202) 353-1651
        Fax:  (202) 616-5200
        Stephen.Terrell2@usdoj.gov

        *Attorneys for Defendant United States of America*