BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
NATALIE K. WIGHT
United States Attorney
JAMES G. TOUHEY, Jr.
Director, Torts Branch
SABRINA UNDERWOOD
Assistant Director, Torts Branch
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
GESESSEE TEFERI (MD Bar No. 0012130332)
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Stephen.Terrell2@usdoj.gov
Tel:   (202) 353-1651
Fax:   (202) 616-5200

*Attorneys for Defendant United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NICOLE SVOBODA'S FIDUCIARY SERVICES, LLC, as conservator for DONAVAN LABELLA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:21-cv-1664-MO<br><br>**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF SECOND AMENDED COMPLAINT** |

UNITED STATES' REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL DISMISSAL OF SECOND AMENDED COMPLAINT

**I.    INTRODUCTION**

The Court should not permit plaintiff to pursue both a negligence claim and a battery claim for the same use of force event without advancing any allegations of negligence independent of the use of force. Oregon law does not countenance such a claim, and the mere fact that the Rules permit parties to plead alternatively does not take away from this fact. This is an excessive force case. As acknowledged by plaintiff, his allegations are that John Doe 1 "used a 'less-lethal' munition against Mr. LaBella," Opp'n at 3 (ECF No. 127), "aim[ed] and fir[ed] the device," *id.*, "decid[ed] to use a 'less-lethal' munition," *id.* at 5, took "aim [with] the device," *id.* at 6, and "lin[ed] up the weapon," *id.* at 8. These are battery allegations. Plaintiff cannot argue that the exact same conduct is also negligence.

Plaintiff does not allege acts or omissions by anyone other than John Doe 1 that caused or contributed to his injuries, and plaintiff does not allege he was injured by any conduct other than John Doe 1's use of force. Plaintiff can try to show that John Doe 1's use of force was unreasonable, and therefore an unprivileged battery, but he cannot argue that the very same conduct is also "negligent" by arguing that John Doe 1's actions in "deciding" or "authorizing" to use force are somehow legally distinct and independent from firing the less-than-lethal device. The Court should grant the United States' motion in full.

**II.    ARGUMENT**

In his opposition, plaintiff cites no Oregon case recognizing the tort of a "negligent use of force" or a "negligent battery." That is because Oregon law makes clear that harms that "are intentionally inflicted injuries . . . lie beyond the field of negligence. It is an intentional tort (assault and battery) as distinguished from negligent act that causes an unintended injury." *Chaffin v. Chaffin*, 397 P.2d 771, 776 (Or. 1964), abrogated on other grounds by *Heino v.*

*Harper*, 759 P.2d 253 (Or. 1988). Numerous courts, applying the common law of several states, have concluded that there is no such thing as a "negligent" use of force by a police officer, and negligence only becomes actionable when there are independent allegations to support that claim. *See* U.S. Mot. to Dismiss at 7–8 (ECF No. 115) (collecting cases).

Plaintiff erroneously asserts that *Box v. Department of Oregon State Police*, 492 P.3d 685 (Or. Ct. App. 2021), permits alternative claims of negligence and battery for the same conduct. Opp'n at 4–5. *Box* does no such thing, and plaintiff fails to recognize that the allegations at issue in *Box* differ materially from the allegations at issue here. In *Box*, Officers Smyth and West shot and killed Mr. Box while on Mr. Box's property responding to a 9-1-1 call. *Box*, 492 P.2d at 692, 694. But, in that case, the plaintiff "admitted . . . that the troopers' use of defensive lethal force was not constitutionally excessive." Pl.-Appellant's Combined Reply and Answering Br. on Cross-Assignment of Error at 11, No. A166624 (Or. Ct. App. Jan 15, 2019); Ex. A. There was no Fourth Amendment or battery claim in *Box*.

In *Box*, the alleged negligence at issue did not center on the officers' use of force. Instead, the plaintiff alleged that Officers Smyth and West were negligent in their failure to provide adequate notice of their approach to Mr. Box; failure to ask Mr. Box if he was armed before engaging him; and failure to tactically retreat once Mr. Box's dogs alerted Mr. Box of the officers' presence. *Box*, 492 P.3d at 698. The plaintiff in *Box* also alleged that "Smyth's supervising officers" were negligent in training and supervising Officer Smyth. *Id. Box* is not a situation where an Oregon court permitted a battery victim to simultaneously pursue an alternative negligence count.

Plaintiff's effort to divide John Doe 1's conduct into alleged negligence "in the moments preceding the shooting," from his actual use of force a split second later, is unpersuasive. Opp'n

at 5, 7–8.  All of plaintiff's negligence allegations pertain to John Doe 1's use of the less-than-lethal device, not acts or omissions by others or acts preceding the use of force.  *Contra* Opp'n at 6 (arguing the United States "ignores paragraphs 24.A, 24.C, 24.D, 24.E, and 24.F").  Plaintiff's contention that John Doe 1 "deciding" to and "authorizing" the use of force was somehow negligent and contrary to applicable policy does not advance negligence allegations independent of the alleged battery.  *Id.* at 5; Second Am. Compl. ¶ 24.A.  These actions are not actually independent from the use of force.  Battery (and use of force) is the "voluntary act that is intended to cause the resulting harmful or offensive contact."  *Walthers v. Gossett*, 941 P.2d 575, 578 (Or. Ct. App. 1997) (citation omitted).  "Voluntary act" is a synonym for "deciding," as is "authorizing." Second. Am. Compl. ¶¶ 24.E ("authorizing"); 24.F ("authorizing").  "Deciding" to use force is not antecedent conduct independent of the use of force.

Further, plaintiff appears to concede that "aiming and firing" at LaBella is a battery allegation.  Second Am. Compl. ¶ 27.B; Opp'n at 6.  Sub-paragraphs C and D of paragraph 27 are simply the "negligent aiming" allegation rephrased: alleged failure to "use reasonable care" to aim the munition at a preferred target area, *id.* ¶ 27.C; and "failing to property aim the less lethal device," *id.* ¶ 27.D.

Nor does plaintiff allege any facts indicating that John Doe 1 did not intend to discharge the device.  To the contrary, the allegations in the complaint (and the evidence submitted with plaintiff's opposition—should the Court consider it[1]) allege that John Doe 1 "shot" plaintiff,

---

[1] Plaintiff's request that the Court consider evidence extraneous to the complaint and defer resolution of this issue until trial "misapprehends the nature of Defendant's challenge" and the Court should not consider such evidence on this motion.  *Smith v. United States*, No. 6:22-cv-732, 2023 WL 6004258, at *7 (D. Or. Aug. 2, 2023), report and recommendation adopted, No. 6:22-cv-732, 2023 WL 7130303 (D. Or. Oct. 30, 2023).

Second Am. Compl. ¶¶ 10, 17, "used" the device," *id.* ¶¶ 27.A, 27.C, "aim[ed]" the device, *id.* ¶¶ 27.B, 27.D, and self-"authorized" use of the device, *id.* ¶¶ 27.E, 27.F.  Plaintiff alleges no facts, and can point to no evidence, to suggest, for example, that John Doe 1's finger slipped and he accidently discharged the weapon when he did not intend to do so, or that the device malfunctioned due to some independent actor's negligence.

The only conduct at issue in plaintiff's negligence count is John Doe 1's use of force. Plaintiff cannot argue that one continuous course of conduct (aiming and discharging the device) is simultaneously use of force and "preshooting tactical choices." *Box*, 492 P.3d at 699.  Simply because plaintiff makes the conclusory argument that John Doe 1 committed some, undefined, "negligence in the moments preceding the shooting," Opp'n at 5, is irrelevant.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Plaintiff has not, and cannot, plead any facts independent of the shooting to support his negligence count.

Nor is this a case where the same conduct can lead to alternative claims.  *Cook v. v. Kinzua Pine Mills Co.*, 293 P.2d 717 (Or. 1956), an automobile accident case which plaintiff discusses in his opposition brief, Opp'n at 5–8, therefore is distinguishable.[2]  In an automobile accident case, the driver may act negligently and cause an accident.  In that situation, the driver may have no intention whatsoever of contacting any other cars, but his negligence can lead to liability.  Alternatively, unbeknownst to a plaintiff, the driver could have "willfully, maliciously, and deliberately drove his car into the car in which plaintiff was riding."  *Cook*, 293 P.2d at 727.

---

[2] The United States does not dispute that Rule 8 permits parties to plead alternative (and even inconsistent) counts. Fed. R. Civ. P. 8(d); Opp'n 9–12. But to do so, the alternative count must be viable. *Burton v. William Beaumont Hosp.*, 373 F. Supp. 2d 707, 722 (E.D. Mich. 2005).  Here, a "negligent battery" alternative claim is not viable under Oregon law.

Thus, in *Cook*, the evidence "was such that plaintiff could not reasonably be required to decide in advance whether the defendant was guilty of wanton misconduct. The decision of that question depended upon a finding as to the state of mind of the defendant driver, which was properly submitted to the jury." *Id.* at 728. That unique situation may permit alternative pleading of battery and negligence. *Id.* at 726.

Not so here. Even if the Court considers plaintiff's evidence extraneous to the complaint, Opp'n Exs. 1–4,[3] that evidence indicates that John Doe 1 intended to fire the less-than-lethal device at Mr. LaBella. *See* Ex. 1 (John Doe 1 "took aim at the subject's abdomen as the subject's body movement was indicative of throwing another object at him and his fellow officers"); Ex. 4 at 9 (John Doe 1 "fired it from a depressed muzzle position, consistent with targeting below the waist as he was trained to do."); *see also* Second Am. Compl. ¶ 27.B ("aiming and firing"), ¶ 27.C (failing to "hit a preferred target area"), ¶ 27.D ("properly aim"); ¶ 27.E (using force), ¶ 27.F (same). All allegations in the Second Amended Complaint and all evidence submitted by plaintiff contend that John Doe 1 had "the intent to injure." *Cook*, 293 P.2d at 723. This is battery. *Id.* And as such all that plaintiff's complaint puts at issue are "intentionally inflicted injuries [that] lie beyond the field of negligence. It is an intentional tort (assault and battery) as distinguished from negligent act that causes an unintended injury." *Chaffin*, 397 P.2d at 776.

Because plaintiff's negligence claim is not viable under any of the facts alleged in the complaint, the Court should dismiss that count. As to negligence, plaintiff has failed to advance facts that "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v.*

---

[3] *See* n.1, *supra*.

*Twombly*, 550 U.S. 544, 547 (2007). Because there are no allegations of negligence independent of John Doe 1's use of force, and because Oregon does not recognize the tort of "negligent battery," the Court should dismiss plaintiff's negligence claim.

## III.  CONCLUSION

This is a use of force case. As such, under the Federal Tort Claims Act, plaintiff may pursue a battery claim. Plaintiff has no "lesser included" negligence claim that would permit him to recover even if John Doe 1's battery is privileged. Thus, the Court should dismiss plaintiff's negligence claim.

Dated: March 29, 2024,

<div style="margin-left:40%">

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
 Civil Division

NATALIE K. WIGHT
United States Attorney

JAMES G. TOUHEY, Jr.
Director, Torts Branch

SABRINA UNDERWOOD
Assistant Director, Torts Branch

 *s/ Stephen R. Terrell*
STEPHEN R. TERRELL (CA bar No. 210004)
GESSESSEE TEFERI (MD Bar No. 0012130332)
Trial Attorneys
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Tel:   (202) 353-1651
Fax:   (202) 616-5200
Stephen.Terrell2@usdoj.gov

*Attorneys for Defendant United States of America*

</div>