IN THE COURT OF APPEALS FOR THE STATE OF OREGON

| | | |
|---|---|---|
| ESTATE OF | ) | |
| BOX, by and through | ) | |
| BOX, its Personal Representative, | ) | Josephine County Circuit Court No. |
| | ) | 16CV13330 |
| Plaintiff-Appellant, | ) | |
| | ) | CA No. A166624 |
| v. | ) | |
| | ) | |
| STATE OF OREGON, | ) | |
| DEPARTMENT OF OREGON STATE | ) | |
| POLICE, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

---

**REDACTED BRIEF UNDER
TRIAL COURT ORDER DATED JULY 12, 2018**

**COMBINED REPLY AND ANSWERING BRIEF ON CROSS-
ASSIGNMENT OF ERROR**

---

Appeal from the Judgment of Dismissal of the Circuit Court for Josephine
County, of the State of Oregon dated December 15, 2017 and the
Supplemental Judgment and Money Award dated February 6, 2018,
The Honorable Pat Wolke

---

Janet M. Schroer, OSB No. 813645       Richard D. Adams, OSB No. 804482
Mark Sherman, OSB No. 095055          Rogue Law Firm PC
HART WAGNER LLP                       600 NW 5th St.
1000 S.W. Broadway, Twentieth Floor    Grants Pass, OR  97526
Portland, OR 97205                     Telephone:  (541) 476-2110
Telephone: (503) 222-4499              rda@roguelawfirm.com
jms@hartwagner.com

Of Attorneys for Plaintiff-Appellant

**(Continued on next page)**                      **JANUARY 2019**

David D. Park, OSB No. 803358
Elliott & Park
0324 SW Abernethy St.
Portland, OR  97239
Telephone:  (503) 227-1690
dave@elliott-park.com

<u>Of Attorneys for Plaintiff-Appellant</u>

David B. Thompson, OSB No. 951246
Senior Assistant Attorney General
Department of Justice
1162 Court St NE
Salem, OR  97301
Telephone:  (503) 378-4402
david.b.thompson@doj.state.or.us

<u>Of Attorneys for Defendant-Respondent</u>

## TABLE OF CONTENTS

PLAINTIFF'S REPLY BRIEF AND ANSWERING BRIEF.............................1

Summary of Argument of Combined Reply and Answering Arguments ............1

PLAINTIFF'S COMBINED REPLY ON FIRST ASSIGNMENT OF ERROR
AND ANSWER TO CROSS ASSIGNMENT OF ERROR ...............................3

A.    Plaintiff's Response to Defendant's Statement of the Case ........................3

    1.  Standard of Review and Preservation.........................................................3

    2.  Defendant's Questions Presented Misstate Plaintiff's Position ..............3

    3.  Defendant's Summary of Facts is Incomplete and Unreliable................3

ANSWER TO CROSS-ASSIGNMENT OF ERROR.........................................7

    The trial court correctly ruled that plaintiff's ORCP 47 E declaration was
    sufficient to defeat summary judgment for defendant on the negligence
    claims ........................................................................................................7

COMBINED ARGUMENT ON CROSS-ASSIGNMENT AND REPLY ON
FIRST ASSIGNMENT OF ERROR ..................................................................7

A.    No apparent-authority immunity for pre-shooting negligence....................8

B.    The defendant's causation argument is constructed upon a "straw man......9

C.    The same harm may have multiple causes-in-fact.....................................12

D.    Plaintiff's ORCP 47 E declaration ends the inquiry..................................13

E.    Cause-in-fact is a jury question on this record ..........................................14

    1.  Retention of Trooper Smyth .................................................................15

    2.  Failure of troopers to timely identify themselves as police...................16

    3.  Failure to follow tactical training. ........................................................17

PLAINTIFF'S REPLY ON SECOND ASSIGNMENT OF ERROR................18

A.  The trial court erred in denying plaintiff's motion for summary judgment
     on the trespass claim and granting defendant's motion for summary
     judgment ................................................................................................18

     1.  Defendant is liable for trespass as a matter of law. ................................18

     2.  The troopers' trespass caused the shooting ............................................19

     3.  No apparent-authority immunity for trespass........................................20

CONCLUSION ..................................................................................................21

# **TABLE OF AUTHORITIES**

## **CASES**

*Hinchman v. UC Market, LLC*,
   270 Or App 561, 348 P3d 328 (2015) ............................................................14

*Joshi v. Providence Health System*,
   342 Or 152, 149 P3d 1164 (2006) ................................................................10

*Lasley v. Combined Transp., Inc.*,
   351 Or 1, 261 P3d 1215 (2011) ......................................................... 9, 10, 13

*Leonard v. Moran Foods, Inc.*,
   269 Or App 112, 343 P3d 693, *rev den*, 357 Or 324 (2015) ................... 10, 12

*Mason v. BCK Corporation*,
   292 Or App 580, 426 P3d 206, *rev den*, 363 Or 817 (2018) ..........................20

*Mendez v. County of Los Angeles*,
   897 F3d 1067 (9th Cir 2018) ................................................................ 12, 19

*Rhodes v. Harwood*,
   273 Or 903, 544 P2d 147 (1975) ................................................................19

*Sandford v. Chev. Div. of Gen. Motors*,
   292 Or 590, 642 P2d 624 (1982) ................................................................12

*Sleep v. Morrill*,
   199 Or 128, 260 P2d 487 (1953) ................................................................19

*State v. Ohling*,
   70 Or App 249, *rev den*, 298 Or 334 (1984)...................................................18

*State v. Somfleth*,
   168 Or App 414, 8 P3d 221 (2000) .............................................................18

*Towe v. Sacagawea*, Inc.,
   357 Or 74, 93, 346 P3d 1207 (2015) ...........................................................12

*Trees v. Ordonez*,
   354 Or 197, 220, 311 P3d 848 (2013) .............................................................14

*Two Two v. Fujitec America, Inc.*,
   355 Or 319, 325 P3d 707 (2014) ...................................................................14

## RULES AND STATUTES

ORCP 47 C .................................................................................................3, 20

ORCP 47 E............................................................................ 1, 2, 7, 13, 14, 21

ORS 30.265(6)(f) ...........................................................................................8

ORS 133.055(2) ..........................................................................................1, 9

ORS 161.239(1)(c) and (e) ..................................................................... 1, 8, 20

**PLAINTIFF'S REPLY BRIEF AND ANSWERING BRIEF
ON CROSS-ASSIGNMENT OF ERROR**

**Summary of Argument of Combined Reply and Answering Arguments**

The trial court erred when it granted summary judgment to defendant on plaintiff's negligence and trespass claims based on the finding that defendant was entitled to apparent-authority immunity.

Defendant's apparent-authority immunity argument collapses under the weight of defendant's attempt to assign the troopers' defensive use of lethal force as "*the* cause-in-fact of [Mr. Box's] death." Resp. Br. 23-24 (Emphasis added). Abandoning reliance on ORS 133.055(2)(a) as the source of its immunity, defendant has turned to ORS 161.239(1)(c) and (e), which authorizes a peace officer to use deadly force in self-defense. In so doing, defendant implicitly concedes that the statute must plausibly authorize the particular act done or omitted out of which the claim arises. None of plaintiff's claims of pre-shooting negligence or trespass arise out of the troopers' acts of self-defense.

The trial court correctly ruled that plaintiff's counsel's ORCP 47 E declaration defeated summary judgment for defendant on the negligence claims.

Even under defendant's straw-man version of plaintiff's theory of causation, an ORCP 47 E declaration assumes that plaintiff has an expert who would testify that violent confrontation was a foreseeable consequence of the

defendant's troopers' pre-shooting acts of negligence and those acts were substantial factors in the death of        Box.

Defendant's argument that there can only be one cause of death of Box, the troopers' use of self-defense, is inconsistent with Oregon law, which recognizes multiple factors can cause a particular harm. Defendant uses this false premise ('straw man') to conclude that unless the troopers were negligent with regard to defendant's assumed sole cause (using that self-defense), the court should find no causation as a matter of law.

The record contains evidence of multiple tortious causes-in-fact for the shooting of Mr. Box.  Even if the court finds plaintiff's ORCP 47 E Declaration inadequate to deny summary of judgment on negligence, an objectively reasonable juror can make reasonable inferences that multiple negligent pre-shooting acts of defendant caused the death of Mr. Box.

The trial court erred in granting summary judgment to defendant on plaintiff's trespass claim and in denying partial summary judgment to plaintiff on the issue of defendant's liability for trespass.

Defendant offers no argument or reasons to dispute that the troopers were trespassers. Nor has defendant directed the court to any evidence in the record which would support an inference that defendant's troopers relied on the self-defense statute when they entered the Box curtilage.  Defendant has not met its

ORCP 47 C burden of producing evidence to establish a "genuine issue of material fact" on the trespass claim nor its immunity defense.

## PLAINTIFF'S COMBINED REPLY ON FIRST ASSIGNMENT OF ERROR AND ANSWER TO CROSS ASSIGNMENT OF ERROR

**A.    Plaintiff's Response to Defendant's Statement of the Case.**

### 1.    Standard of Review and Preservation

Plaintiff agrees that defendant preserved its cross assignment of error and with defendant's statement of the combined standards of review.

### 2.    Defendant's Questions Presented Misstate Plaintiff's Position.

Defendants supplemental statement of the questions presented is based on a false premise asserted in defendant's question "1" that is unsupported by the record.  Defendant's question "1" states:

> In response to the state's motion for summary judgment on plaintiff's negligence claims, *plaintiff admitted that the troopers were not negligent in shooting and killing Mr. Box. Given that the conduct was not tortious*, do settled principles of causation under Oregon tort law preclude the state's liability for wrongful death based on the troopers' and OSP's alleged preshooting negligence? (Emphasis added).

Resp. Br. 3.  The record contains no such admissions.

### 3.    Defendant's Summary of Facts is Incomplete and Unreliable.

Defendant has recited as fact statements that are not supported by citations to the record nor contained in plaintiff's summary of facts, has included disputed facts without identifying them as such, has omitted contextual

facts favorable to plaintiff and, as a consequence, has not presented the facts in

a light most favorable to the plaintiff, although defendant claims otherwise.

The entirety of the temporal, aural and visual context of the shooting has been

omitted by defendant.[1]

Box and her live-in girlfriend          abused heroin and

methamphetamine and had been disrespectful to Mr. & Mrs. Box in the past,

and were disrespectful to Mrs. Box on the morning of the shooting.  TCF

8/25/17 Decl. of Adams ISO Pl.'s Rsp. To Def.'s Mot. for SJ, Exhibit 11, pgs.

1-2, 6 and 11 (          Box dep. excerpts)); *Id*., Exhibit 10, pgs. 8-12

(          Box dep. excerpts).  That evening,          Box was angry and high

when she returned home and upon being told by her father that she was no

longer welcome to stay in the home, she attacked her father and threatened to

have someone return to harm him as she was leaving.  *Id*., Exhibit 11, pgs. 6-11.

Immediately prior to being alerted by his dogs to the presence of intruders, Mr.

Box was grilling ribs on his barbeque and speaking by phone with his wife

about          *Id*., Exhibit 10, pgs. 15-17, 22; ER 198.

---

[1] Aural and the immediate temporal context is captured on the excerpt of
Trooper West's dashcam recording between elapsed time 2:40 and 2:58. TCF
7/5/17 Decl. of Park, Exhibit DP-4 (digital .wav file, "West Dash Cam
Segment"). Visual context is captured by deposition exhibits 17 (scene
diagram), 18-I and 18-J (crime scene photos), *id*., Exhibit DP-1, pgs. 33-35,
the video excerpt from Tpr. Smyth's video deposition, *id*., Exhibit DP-2 and the
excerpted video frame photo from Tpr. Smyth's dashcam recording, TCF
8/25/17 Suppl. Decl. of Park in Opp. To Def.'s Mot. for SJ, Exhibit DP-7.

The shooting of Mr. Box occurs within 18 seconds of Trooper Smyth calling out Mr. Box's name.  TCF 7/5/17, Decl of Park, Exhibit DP-4.  During that 18 seconds, Mr. Box remains on the phone with his wife.  Mr. Box hears his name called, responds in a calm voice, "hang on a minute," and the sound of a screen door swinging open is heard.  *Id.*

Mr. Box is holding his phone near his ear with his left hand as he steps out and begins walking the short distance from his back door to the bed of his pickup truck.  *Id.*, Exhibit DP-1, p. 17, lines 16-22 (Gregor Smyth dep. excerpts).  He has a large pistol in the right front pocket of his overalls.  TCF 8/25/17, Decl. of Adams, Exhibit 6, p. 46, lines 16-20 (Heather West dep. excerpts); TCF  7/14/17, Decl. of White ISO Def.'s Mot. for SJ, Exhibit 10, p. 12, lines 4-10 (Gregor Smyth dep. excerpts).

Trooper West does not see Mr. Box step out of his back door nor observe him as he passes across his small patio.  TCF 8/25/17, Decl. of Adams, Exhibit 6, p. 45, lines 21-24.  The lighting is poor.  Trooper Smyth is standing at or just behind the driver's side of a van parked next to the house and out of view of the back door and the patio.  TCF 7/5/17, Decl. of Park, Exhibit DP-2 and Exhibit DP-1, p. 33.  The pickup truck is a foot or two to the left of the van and is pulled forward, with its rear bumper generally parallel the van's front bumper (from Smyth's perspective), placing Trooper Smyth within a step or two of the rear of pickup truck bed.  *Id*. Trooper West's attention is still on the dogs.  TCF

7/14/17, Decl. of White ISO Def.'s Mot. for SJ, Exhibit 9, p. 35, lines 3-8

(Heather West dep. excerpts).

Only after Trooper Smyth calls out Mr. Box's name and Mr. Box is

walking in the direction of the troopers does Smyth state, "Troopers West and

Smyth with Oregon State Police, you are being recorded."  TCF 7/5/17, Decl of

Park, Exhibit DP-4.  Mr. Box exclaims "Oh!" as Smyth finishes saying the

word "recorded" and continues to say "Let me show you I'm getting this outta

here," while Smyth is talking over him saying, "Don't go for that gun."  *Id*.

Just as Mr. Box finishes the word "here," West states, "Get your hands," then

multiple shots ring out.  *Id*.  Mr. Box's pistol is recovered from the right rear

passenger-side corner of the pickup placing Mr. Box within a few feet of

Trooper Smyth's location at the moment shooting commences.  TCF 8/25/17,

Exhibit DP-7 to Suppl. Decl. of Park in Opp. To Def.'s Mot. for SJ.

The defendant's following statements of "fact" do not appear in

plaintiff's Opening Brief and are unsupported by citations to the record:  1) that

 Box had been "knock[ed] out of her wheelchair," Resp. Br. 5;  2) that

she had "possible leg injuries," *Id*.; 3) that she was "locked in her room," Resp.

Br. 6; 4) that she "did not want to go near her father, *Id*. and 5) the troopers

"drove their cars to the driveway of the Box residence and parked on the street."

*Id*. at 7.

The first four statements are of facts that were not known by the troopers prior to the shooting and, therefore, are irrelevant.  Furthermore, they are offered without essential context and therefore not in a light most favorable to plaintiff.  The fifth statement is contradicted by evidence in the record.

Defendant's factual summary also fails to identify the following statements as disputed facts:  1) whether Box heard West identify herself as police officer before he hung up, Resp. Br. 6; contra, TCF 8/25/17, Decl. of Adams ISO Pl.'s Rsp. To Def.'s Mot. for SJ, Exhibit 29 (audio of West phone conversation with Rob Box), and 2) whether Trooper Smyth heard Mr. Box say, words to the effect of "Oh, they're outside already, are they?' *Id*. at 7; contra, West, standing same distance from          Box, could not make out any of his words, ER 163-164; and               Box, on the phone with her husband, hears the dogs barking and her husband speak his last words to her, "there's someone in the bushes." ER 199.

## ANSWER TO CROSS-ASSIGNMENT OF ERROR

The trial court correctly ruled that plaintiff's ORCP 47 E declaration was sufficient to defeat summary judgment for defendant on the negligence claims.

## COMBINED ARGUMENT ON CROSS-ASSIGNMENT AND REPLY ON FIRST ASSIGNMENT OF ERROR

The trial court erred in determining that plaintiff's claims were barred by apparent authority immunity because defendant's multiple pre-shooting acts of

8

negligence render it liable for the death of Mr. Box regardless of the troopers'

reliance on the Oregon statute authorizing use of deadly force in self-defense.

## A.    No apparent-authority immunity for pre-shooting negligence.

Defendant makes a transparent attempt to unduly restrict the causation

analysis to the single intentional act of the troopers' decision to fire their guns

in self-defense and asks the court to find that that decision is the sole cause-in-

fact of the death of        Box as a matter of law. Defendant's argument is

erroneous in several ways.

Acting in self-defense is but one of multiple causes of the death of Mr.

Box.  As plaintiff will further explain, the record supports several distinct acts

of pre-shooting negligence of defendant's supervisors and troopers.  That ORS

161.239(1)(c) and (e) authorized defendant's troopers to shoot Mr. Box in self-

defense does not immunize the state from its negligent retention of Smyth, its

negligent training of troopers West and Smyth or its troopers' negligent pre-

shooting conduct nor its troopers' acts of trespass, all of which were

independent causes-in-fact of the shooting.  The state has no immunity from

liability for claims arising out of acts which are not among the particular acts

plausibly authorized by the 'law, resolution, rule or regulation' upon which the

claim to immunity is based.  ORS 30.265(6)(f).  No such legal basis plausibly

authorizes defendant or its troopers to engage in any of these pre-shooting acts

of alleged negligence and trespass.

9

Defendant has abandoned its reliance on ORS 133.055(2) (the domestic violence shall arrest statute) and effectively concedes the trial court erred in finding that any of the pre-shooting acts of negligence were plausibly done under the apparent authority of that statute, by failing to identify any such acts. Defendant's new theory cannot save the trial court's grant of summary judgment on the basis of apparent-authority immunity.

## B.    The defendant's causation argument is constructed upon a "straw man."

The defendant's causation argument is constructed upon two declarations: 1) that "plaintiff admitted in the trial court that the troopers' shooting of Mr. Box was *not tortious*," Resp. Br. 15 (emphasis added); and 2) "the troopers' shooting of Mr. Box [is] *the* cause-in-fact of his death." Resp. Br. 19 (emphasis added). The former is a gross distortion of the record. Plaintiff has made no such admission. The latter conflates the harm suffered by Mr. Box (being shot to death) with *a* cause of that harm (acting in self-defense), by-passing proper analysis of causation. "In deciding whether a defendant's act is a factual cause of a plaintiff's harm, the effect of the defendant's conduct, and not whether that conduct fell below the expected standard of care, is the relevant consideration." *Lasley v. Combined Transp., Inc.*, 351 Or 1, 261 P3d 1215 (2011).

Having thus postulated that there is but one cause-in-fact and that such

cause was not tortious, defendant reasons that "the only possible theory that

plaintiff could have for the troopers' and OSP's alleged negligence is that it

increased the risk of Box's death[.]," citing *Joshi v. Providence Health System*,

342 Or 152, 161, 149 P3d 1164 (2006).  Resp. Br. 19.

*Joshi* is inapplicable.  *Joshi* involved a single cause-in-fact issue-

whether the failure to diagnose and treat plaintiff's decedent's stroke resulted in

his death.  The proof in *Joshi* was that even in the absence of defendant's

negligence the plaintiff's decedent would have had only a 28-30% increased

chance of survival, a mere possibility of a better outcome.  In this case, plaintiff

has alleged and proffered evidence of multiple causes-in-fact for the shooting.

In this case there is evidence from which a reasonable juror could find that, in

the absence of the defendant's negligence, there is a probability that Mr. Box

would not have been shot.

To the extent defendant argues that the causation standard applicable to a

wrongful death case announced in *Joshi* does not permit recovery here, both

*Lasley* and *Leonard v. Moran Foods, Inc*., 269 Or App 112, 343 P3d 693, *rev

den*, 357 Or 324 (2015), are post-*Joshi* examples of wrongful death actions in

which the court held that multiple causation theories created jury issues.

*Leonard* directly considered the circumstance, present here, in which an

employer was alleged to be both directly liable for its own negligence (failure to

train) and vicariously liable for the negligence of its employee (negligent driving), and squarely rejected the employer's argument that, if an employer is vicariously liable under *respondeat superior*, the employer cannot, as a matter of law, be liable for negligent training. *Id*. at 129-130.

In support of its assertion that plaintiff admitted that the shooting of Mr. Box was not tortious, defendant relies on the following excerpt from Plaintiff's opposition to defendant's summary judgment motion, at 30:

> Here, plaintiff does not dispute that when *Troopers Smyth and West fired their weapons, they did so having the belief that it was necessary for their own protection*. Those acts are not alleged to be negligent nor is their belief it was necessary to shoot germane to the reasonableness of the conduct that is at issue. The actions at issue are those which created the circumstances that forced Smyth and West to make that split second decision to defend themselves – the supervision and training they received and their tactical decisions and actions. (Emphasis added).

Resp. Br. 10. The defendant's assertion is entirely dependent upon divorcing the words "those acts are not alleged to be negligent" from their context. The quoted passage appears in that portion of Plaintiff's opposition memorandum explaining why defendant's reliance on Fourth Amendment excessive force jurisprudence is inapposite to plaintiff's negligence claims. All that was admitted is that the troopers' use of defensive lethal force was not constitutionally excessive. That the shooting of Mr. Box was not a constitutional tort has nothing to do with whether other tortious acts, such as acts of negligence and trespass, are independent causes-in-fact of the shooting

and the resulting harm.  *See, e.g., Mendez v. County of Los Angeles*, 897 F3d 1067 (9th Cir 2018) (holding, in the context of a justified use of defensive lethal force, that a warrantless entry into a residence in violation of Fourth Amendment and a negligent failure to knock and announce under state law were each independent tortious causes of the shooting that produced plaintiffs' injuries).

**C.    The same harm may have multiple causes-in-fact.**

"Causation in Oregon law refers to causation in fact, that is to say, whether someone examining the event without regard to legal consequences would conclude that the allegedly faulty conduct or condition in fact played a role in its occurrence."  *Sandford v. Chev. Div. of Gen. Motors*, 292 Or 590, 606, 642 P2d 624 (1982).  "Causation" poses the question whether a particular act more likely than not made a difference in the outcome.  *Towe v. Sacagawea, Inc.*, 357 Or 74, 93, 346 P3d 1207 (2015) (finding a triable issue of cause in fact where "[a] reasonable juror therefore could conclude as a factual matter that a better warning could have made a difference in avoiding the injuries that plaintiff suffered.").

It is no novel proposition that there may be multiple causes for the same harm. *Towe, supra* (reasonable juror could find both defendant property owner's failure to warn of cable across private roadway and motorcyclist's failure to keep proper lookout substantial factors in plaintiff's injury); *Leonard,*

*supra* (reasonable juror could find driver negligence, faded crosswalk markings and inadequate driver safety training each a substantial factor for decedent having been struck in crosswalk). Indeed, defendant has specifically alleged as an affirmative defense that the negligence of        Box was also a cause-in-fact of his death. TCF 10/6/2016, Answer, ¶ 20. See, also, ORS 31.600 and *Lasley, supra*, 351 Or at 13 (where negligence of multiple tortfeasors combines to produce plaintiff's injury, juror role is to examine whether each tortfeasor's negligence was a "substantial factor" in producing harm and, if so, to apportion fault).

**D.    Plaintiff's ORCP 47 E declaration ends the inquiry.**

Respondent's cross assignment of error is premised entirely on its straw man argument that the troopers' acts of self-defense render plaintiff unable to prove causation as a matter of law. For the reasons discussed above, that argument is meritless.

However, even were defendant's "straw man" argument plaintiff's causation theory, defendant's argument collapses under the weight of plaintiff's counsel's ORCP 47 E declaration, "***which will be deemed sufficient to controvert the allegations of the moving party and an adequate basis for the court to deny the motion." *Two Two v. Fujitec America, Inc.*, 355 Or 319, 325 P3d 707 (2014); *Hinchman v. UC Market, LLC*, 270 Or App 561, 348 P3d 328,

(2015). Plaintiff's declaration is crystal clear and includes causation as well as negligence.

If the proper inferences are drawn from plaintiff's ORCP 47 E declaration, such declaration is a sufficient basis in and of itself to deny summary judgment to defendant on plaintiff's negligence claims. The trial court's ruling on that issue was correct and should be affirmed.

**E.    Cause-in-fact is a jury question on this record.**

Plaintiff's First Amended Complaint (FAC) alleges several specifications of defendant's pre-shooting negligence that were substantial factors or 'causes-in-fact' of Mr. Box's death. "Causation may be proved by circumstantial evidence, expert testimony, or common knowledge." *Trees v. Ordonez*, 354 Or 197, 220, 311 P3d 848 (2013). Utilizing one or more of these methods, the record contains proof of multiple tortious acts that a reasonable juror could find, more likely than not, were substantial factors in bringing about the shooting death of Mr. Box, even if the court were to find plaintiff's ORCP 47 E declaration inadequate. The following discussion of substantial factors is intended to be illustrative, not exhaustive.[2]  Any one of the following

---

[2] *See* FAC, ¶¶ 19, 20, ER 55-56, for a complete list of acts by defendants alleged to be substantial factors in the shooting death of          Box. Plaintiff placed evidence in the record in the proceedings below sufficient to support of each of these specifications of negligence.

substantial factors, alone, would be a sufficient basis to affirm the trial court's denial of summary judgment for defendant on the negligence claims.

### 1.    Retention of Trooper Smyth.

Plaintiff's FAC alleges that defendant State of Oregon was negligent in retaining trooper Smyth as a patrol officer ███████████████████



███████████████████████████████████████  FAC, ¶¶4-9 and ¶19d.  "Tunnel vision" is the undue focus on one objective to the exclusion of contextual, visual and auditory information of equal or greater importance resulting in poor decision making and overreaction.  ER 89-90; 100; 130-133.

ER 201.

Trooper Smyth admits that he experienced tunnel vision during the shooting of Mr. Box. ER 187.  From this evidence a reasonable juror could conclude that Smyth made poor decisions when the dogs alerted to his presence (e.g., entering the curtilage and rushing the contact before Trooper West was in position or ready to serve as a cover officer), overreacted when he recognized that Mr. Box was armed (e.g., blocking out critical contextual information necessary to accurately perceive whether Mr. Box's possession and handling of his gun presented a lethal threat), and fired the fatal shots after he otherwise would have perceived Mr. Box had dropped his gun and dropped to his knees.  A reasonable

juror could conclude that, knowing or having reason to know of Smyth's

███████████████ it was unreasonable for defendant to retain Smyth in a

patrol position and, therefore, had Trooper Smyth not been retained in

employment or assigned to patrol duties by OSP, Mr. Box would not have been

shot.

### 2.    Failure of troopers to timely identify themselves as police.

Plaintiff's FAC alleges defendant's troopers were negligent in failing to

identify themselves as police before directing Mr. Box to come out of his house

to speak with them.  ER 56, FAC, ¶ 20 a, b, d.  When Mr. Box was called out of

his house by defendant's troopers, he had ribs on the grill and was on the phone

to his wife.  As he approached the troopers, he had his phone to his ear and his

voice was calm.  The dashcam recording captures the surprise in Mr. Box's

voice, "Oh", upon his recognition that the persons outside were police,

immediately followed by his statement "Let me show you I'm getting this outta

here."  Mr. Box's pistol was recovered from the rear of his pickup truck bed.  A

reasonable juror could conclude that Mr. Box began to disarm the moment he

realized the persons speaking to him were police and, had defendant's troopers

identified themselves as police before calling Mr. Box outside, Mr. Box would

have left his gun inside his home and the shooting would not have occurred.

### 3.    Failure to follow tactical training.

Plaintiff's FAC alleges as one of several negligent failures to follow

tactical training that defendant's troopers failed to initiate communication with

Mr. Box from a position of hard cover and distance.  ER 56, FAC, ¶20e.  In

responding to domestic violence incidents, state troopers are trained to maintain

cover and distance when initiating communication for their safety and the safety

of persons they are contacting.  Distance and cover provide additional time for

police officers to assess any threat presented by the subject(s) they are there to

contact.  Just before the shooting, Trooper Smyth left the safety of the hard

cover and rushed several yards towards the back of the Box home, alone, while

Trooper West was fending off the dogs, and before initiating any

communication with          Box. TCF 7/5/2017 Decl. of Park, Exhibit DP-2

(digital .mp4 file "Ex DP-2 Smyth-approach" excerpt from video deposition of

Tpr. Smyth).  When the shooting occurred, Trooper Smyth was within six to ten

feet of Mr. Box.  ER 25.  The dashcam recording captures Mr. Box's statement

in a calm voice as he is approaching the location of Trooper Smyth, "Let me

show you I'm getting this outta here," contemporaneous with Trooper Smyth's

statement, talking over Mr. Box, "Don't go for that gun."  TCF 7/5/2017, Decl.

of Park, Exhibit DP-4 (digital .wav file, "West Dash Cam Segment").  Less than

4 seconds elapses between Mr. Box stating, "Let me . . ." and shots fired.  *Id.*

The diagram marked as deposition Exhibit 17, showing Trooper Smyth's

18

location when shots were fired, *id*.,  Exhibit DP-1, p. 33, and photograph of

the location in which Mr. Box was shot marked as deposition Exhibit 18J, ER

25, demonstrate that, by leaving the hard cover of the trees and rushing towards

the house, and then calling Mr. Box towards them, Trooper Smyth eliminated

his and Trooper West's cover.  A reasonable juror could draw the inference that

the troopers' proximity to Mr. Box and lack of cover was unreasonable in light

of their training, deprived them of time needed to assess whether Mr. Box was

disarming and that, had the troopers maintained distance and cover, Mr. Box

would not have been shot.

### PLAINTIFF'S REPLY ON SECOND ASSIGNMENT OF ERROR

**A.   The trial court erred in denying plaintiff's motion for summary
judgment on the trespass claim and granting defendant's motion for
summary judgment.**

**1.   Defendant is liable for trespass as a matter of law.**

In its response, defendant offers neither reasons nor authority to suggest

the troopers did not trespass.  Defendant has not identified any disputed issue of

fact with regard to the absence of a need for a warrant, consent or exigent

circumstances, the only circumstances which would excuse their invasion of

plaintiff's property. *See, e.g*., *State v. Somfleth*, 168 Or App 414, 8 P3d 221

(2000)(Government agents' intrusion a trespass absent privilege or consent);

*State v. Ohling*, 70 Or App 249, *rev den*, 298 Or 334 (1984)(Police officers'

authority to enter private property no greater than that of a stranger); On the

trespass claim, defendant merely reasserts the same arguments on causation and apparent-authority immunity it did on the negligence claim.

With regard to the issue of liability, the trespass on the Box property was complete when the troopers intentionally entered the Box curtilage without consent, warrant or exigent circumstances. *See Sleep v. Morrill*, 199 Or 128, 131, 260 P2d 487 (1953), where the court instructed:

> "Although the amount or items of damages will not be presumed, but must be established by proof, nevertheless, where the evidence shows the violation or infringement of a legal right, the law will presume damages sufficient to sustain an action, which damages may be only nominal and not capable of exact measurement."

*Id.*, 199 Or at 131-132 (emphasis added). *See also Rhodes v. Harwood*, 273 Or 903, 926, 544 P2d 147 (1975).

### 2.    The troopers' trespass caused the shooting.

Defendant argues that plaintiff offers no analysis how the alleged trespass caused Mr. Box's death. Resp. Br. 26. To the contrary, beyond being a permissible inference based upon common knowledge and experience that unlawful entry into the curtilage of a home invites violence, *see Mendez, supra*, 897 F3d at 1076-77, the same evidence that demonstrates that the troopers' failure to maintain cover and distance was a cause of the shooting also demonstrates that the troopers' trespass was a cause of the shooting.

### 3. No apparent-authority immunity for trespass.

As with its defense of the negligence claim, defendant contends ORS 161.239(1)(c) and (e) provide the troopers apparent-authority immunity from their acts of trespass. Nothing in the language of ORS 161.239(1)(c) or (e) plausibly authorizes entry onto private property. There is no evidence in the record that defendant's troopers in fact considered this statute when entering the Box curtilage. Defendant offers no argument and directs the court to no evidence in the record how the troopers' statutory authority to use deadly force under certain circumstances affected their decision to enter the Box property. To support its immunity defense, defendant must produce such evidence. ORCP 47 C. ("The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."); *Mason v. BCK Corporation*, 292 Or App 580, 426 P3d 206, *rev den*, 363 Or 817 (2018). Defendant produced no such evidence to establish a "genuine issue of material fact" on liability for that trespass claim nor its immunity defense to that claim.

This Court should reverse the trial court's grant of summary judgment to defendant on the trespass claim, and instead enter judgment in favor of plaintiff on defendant's liability for trespass as a matter of law and remand the trespass claim to the trial court for a jury trial on damages.

## CONCLUSION

Accordingly, on the first assignment of error, plaintiff respectfully requests that this Court reverse the judgment for defendant and remand for a jury trial on plaintiff's negligence claims. This Court should reject the cross-assignment of error and affirm the trial court's ruling that plaintiff's ORCP 47 E declaration was sufficient to defeat summary judgment for defendant on the negligence claims. On the second assignment of error, the Court should reverse summary judgment for defendant on the trespass claim, enter partial summary judgment in favor of plaintiff on liability as a matter of law and remand the trespass claim to the trial court for a jury trial on damages.

Respectfully submitted this 15th day of January 2019.

ELLIOTT & PARK

By:  */s/ David D. Park*
David D. Park, OSB No. 803358
Of Attorneys for Plaintiff-Appellant

ROGUE LAW FIRM PC

/s/ *Richard D. Adams*
Richard D. Adams, OSB No. 804482
Of Attorneys for Plaintiff-Appellant

HART WAGNER LLP

/s/ *Janet M. Schroer*
Janet M. Schroer, OSB No. 813645
Of Attorneys for Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE WITH BRIEF LENGTH

## AND TYPE SIZE REQUIREMENTS

<u>Brief length</u>

I certify that (1) this brief complies with the word-count limitation in ORAP 5.05(1)(b)(ii)(D) as the word count of this brief is 4,970, with the reply portion of the brief roughly 2,562. The numbers are not precise due to the fact that the reply argument is combined with the argument on cross-assignment of error.

I certify that the size of the type in this brief is not smaller than 14 point for both the text of the brief and footnotes as required by ORAP 5.05(4)(f)

DATED this 15th day of January 2019.


HART WAGNER, LLP

By:

/s/ *Janet M. Schroer*

Janet M. Schroer, OSB No. 813645
Of Attorneys for Plaintiff-Appellant

## CERTIFICATE OF FILING AND SERVICE

I certify that on the 15th day of January 2019, I filed the original

**COMBINED REPLY AND ANSWERING BRIEF ON CROSS-**

**ASSIGNMENT OF ERROR** with the State Court Administrator via electronic filing

and served upon the following counsel of record by electronic filing:

> David B. Thompson
> Department of Justice
> 1162 Court St NE
> Salem, OR  97301

I further certify that on the same date I served a true & correct copy of the

foregoing document upon the following via email:

> David D. Park                       Richard D. Adams
> Elliott & Park                      Rogue Law Firm PC
> 0324 SW Abernethy St.               600 NW 5th St.
> Portland, OR  97239                 Grants Pass, OR  97526
> dave@elliott-park.com               rda@roguelawfirm.com

DATED the 15th day of January 2019.

HART WAGNER, LLP


*/s/ Janet M. Schroer*
Janet M. Schroer, OSB No. 813645
Of Attorneys for Plaintiff-Appellant