IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NICOLE SVBODA'S FIDUCIARY
SERVICES, LLC,** as conservator for
**DONAVAN LABELLA**

              Plaintiff,

v.

**UNITED STATES OF AMERICA; JOHN
DOE 1;** and **JOHN DOES 2–10,**

              Defendants.

No. 3:21-cv-01664-MO

OPINION & ORDER

**MOSMAN, J.,**

      This matter comes before me on the United States' Partial Motion to Dismiss the Second Amended Complaint for Lack of Jurisdiction [ECF 115]. Plaintiff Donavan Labella filed a Response on March 22, 2024 [ECF 127], to which the United States replied on March 29, 2024 [ECF 129]. For the reasons elaborated below, I DENY the United States' Motion.

### STANDARD

      To sue the United States, a plaintiff must invoke a valid waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act is a limited waiver of the United States' sovereign immunity. *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022). District courts lack subject matter jurisdiction over actions brought under the Federal Tort Claims

1 – OPINION AND ORDER

Act if a plaintiff does not plausibly allege all the elements of the claim. *See Brownback v. King*, 592 U.S. 209, 217–19 (2021).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, courts should assume a plaintiff's allegations to be true and draw all reasonable inferences in their favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

## BACKGROUND

In July 2020, Mr. LaBella participated in a protest in front of the Mark O. Hatfield United States Courthouse. Second Am. Compl. [ECF 114] ¶¶ 7–8. During the protest, federal officer John Doe 1 fired a less-than-lethal impact munition that struck Mr. LaBella in the face and caused serious injuries. *Id.* ¶¶ 9–12. Mr. LaBella asserts claims against the Government under the Federal Tort Claims Act ("FTCA") for battery, negligence, and intentional infliction of emotional distress.

Mr. Labella filed his Second Amended Complaint ("SAC") on March 5, 2024 [ECF 114]. The SAC added two new predicates for negligence under his negligence claim and removed the dismissed *Bivens* claim. Specifically, the SAC added two bullets under the negligence claim:

- "In failing to use reasonable care to ensure that the impact munition, when used against Plaintiff, would hit a preferred target area of Plaintiff's body;" and
- "In failing to properly aim the less lethal device prior to firing the device at Plaintiff." SAC [ECF 114] ¶ 24.

## DISCUSSION

The government argues that this court lacks subject matter jurisdiction over Plaintiff's negligence claim because Oregon law does not recognize a claim for "negligent battery." Mot. to

2 – OPINION AND ORDER

Dismiss [ECF 115] at 1. Therefore, the FTCA does not waive the United States's sovereign immunity from the negligence claim. *Id.* Mr. Labella responds that counts one and two alleged alternative factual allegations supporting both an intentional and a negligent shooting, and federal pleading rules protect his privilege to assert alternative and inconsistent claims. Pl.'s Resp. [ECF 127] at 2–3.

The FTCA gives district courts exclusive jurisdiction over civil tort claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Courts apply the substantive law of the state to determine whether a plaintiff has a viable claim. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). A plaintiff must plausibly allege the underlying merits of the claim under applicable state law in addition to satisfying all other FTCA requirements. District courts lack subject matter jurisdiction over FTCA claims if a plaintiff does not plausibly allege the merits of the underlying tort claim. *See Brownback*, 592 U.S. at 217–19.

I find that the negligence claim is plausible here. The United States appears to argue that police use of force cannot be negligent because it is intentional. This argument is unavailing. Actions such as police use of force which entail some intentional conduct may still be the subject of negligence claims. *See, e.g., Uzun v. City of Santa Monica*, 54 F.4th 595, 596–97 (9th Cir. 2022); *Ballard v. City of Albany*, 221 Or. App. 630 (2008).

It is allowable to plead both battery and negligence at this stage because Mr. Labella cannot be tasked with knowing John Doe 1's state of mind, which could distinguish between the battery and negligence claims. *See Cook v. Kinzua Pine Mills Co.*, 207 Or. 34 (1956). In *Cook*, the court held that a plaintiff could not reasonably be required to decide in advance whether a driver was

3 – OPINION AND ORDER

guilty of wanton misconduct or negligence because that depended upon the driver's state of mind. *Id.* at 51–52. Additionally, other yet-unknown factors such as the officers' pre-shooting conduct may influence the relative viability of each claim. When it is unknown which claim is most viable, it is allowable for Mr. Labella to plead both in the alternative. *Id.*; *see also* Fed. R. Civ. P. 8(d)(3) (a party may state "as many separate claims or defenses as it has, regardless of consistency"); *Molsbergen v. United States*, 757 F.2d 1016 (9th Cir. 1985).

Mr. Labella will not be able to obtain a verdict on both the battery and the negligence claim because they are premised on the same basic factual allegations. *See Denton v. Arnstein*, 197 Or. 28 (1952) (requiring a plaintiff to elect between her intentional claim and negligence claim at trial because they were inconsistent). Therefore, Mr. Labella will have to elect between the two claims at some point. It would be premature to compel Mr. Labella to elect today because he lacks information which would bear on the viability of each claim.

## CONCLUSION

For the foregoing reasons, I DENY the Partial Motion to Dismiss [ECF 115].

IT IS SO ORDERED.

DATED May 20, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER